JAMES S. PETERS II *v.* CLARENCE PEARL ET AL.
(13547)

HEIMAN, SCHALLER and HENNESSY, Js.

Argued December 8, 1994—decision released March 7, 1995

*Daniel K. Lamont,* for the appellants (defendants).

*Pamela S. Bacharach,* with whom, on the brief, was *Maria C. Monick,* legal intern, for the appellee (plaintiff).

SCHALLER, J. The defendants appeal from the judgment of the trial court ordering them to pay the plaintiff damages based on findings of trespass, conversion and unjust enrichment by the defendants. The defendants claim that the trial court improperly (1) construed the description of the property in the deed by which the plaintiff took title to the parcel in question, (2) found that proof of record title satisfied the plaintiff's burden of proof in light of the pleadings, and (3) failed to credit the testimony of the plaintiff's immediate predecessors in title. We affirm the judgment of the trial court.

The trial court found the following pertinent facts. On December 4, 1986, the plaintiff acquired a parcel of land on Hickory Lane in Mansfield. The property abuts land owned by the defendants. The plaintiff's land is rural, wooded, and is located on an abandoned unpaved road. The assessor's map indicates that the parcel contains approximately twenty-two acres. The plaintiff paid taxes on the land as it was shown on the assessor's map. He walked the property several times a year.

In 1992, the plaintiff hired Towne Engineering, Inc., to prepare a survey of the land. The surveyor, James Kasierski, searched the title to the plaintiff's property as well as the title to the defendants' property. He determined that the plaintiff had record title to the parcel of land in question. The plaintiff's property as shown in Kasierski's survey is consistent with the property shown on the assessor's map. The defendants, who operated a dairy farm with pasture land adjacent to

the plaintiff's land, entered onto the plaintiff's land sporadically over the years. Members of the defendants' family occasionally rode horses on the land and went on it to obtain princess pine for Christmas decorations. Prior to the early 1980s, the defendant, Clarence Pearl, occasionally cut trees on the property for fence posts. The plaintiff's land was also used regularly by hikers, bird-watchers and hunters. The defendants never attempted to permit or prohibit that use. Although the defendants believed that they owned the land, the use by the defendants and their predecessors in title was not open, adverse, or exclusive and no ouster of a predecessor in title to the plaintiff ever occurred. See *Ruick* v. *Twarkins*, 171 Conn. 149, 155, 367 A.2d 1380 (1976).

During the latter part of 1991 and early 1992, the defendants entered onto the plaintiff's land without permission for the purpose of logging trees. They did so by mistake, believing they owned the land from which the trees were removed. In the process, however, they cut and removed some 300 trees for the purpose of sale. They received approximately $15,000 to $20,000 for the wood. The value of the trees cut and removed is $19,175.42.

The plaintiff brought an action in four counts alleging trespass by the defendants onto his property, conversion of trees on the property, unjust enrichment, and treble damages. The defendants filed a special defense alleging, pursuant to General Statutes § 47-21, that a portion of the plaintiff's property had been acquired from a grantor who had been ousted of possession. The trial court found that the plaintiff was the owner and in possession of the parcel of land described in the deed by which he took title as that parcel is shown in the Kasierski survey. The court found that the plaintiff established his causes of action for trespass, conversion and unjust enrichment and awarded damages of $19,175.42. The trial court rejected the claim for tre-

ble damages and further concluded that the defendants failed to establish the allegations of their special defense. The defendants appeal from this judgment.

We have carefully reviewed the entire record, briefs, oral argument and the trial court's well reasoned memorandum of decision. We are satisfied that the trial court correctly rendered judgment for the plaintiff and that the judgment should be affirmed. Although much of the evidence was disputed, it is axiomatic that this court cannot retry the facts or pass on the credibility of witnesses. *State* v. *Speers*, 17 Conn. App. 587, 592, 554 A.2d 769, cert. denied, 211 Conn. 808, 559 A.2d 1142, cert. denied, 493 U.S. 851, 110 S. Ct. 150, 107 L. Ed. 2d 108, cert. denied sub nom. *George* v. *Connecticut*, 493 U.S. 893, 110 S. Ct. 241, 107 L. Ed. 2d 192 (1989). The claims raised on appeal attack the court's factual findings. The defendants have failed to demonstrate that the trial court's findings were clearly erroneous or that its decision was otherwise improper as a matter of law. Practice Book § 4061; see also *U.S. Fidelity & Guaranty Co.* v. *K.J. Enterprises, Inc.*, 19 Conn. App. 806, 807, 563 A.2d 1386, cert. denied, 212 Conn. 818, 565 A.2d 538 (1989), cert. denied, 493 U.S. 1088, 110 S. Ct. 1155, 107 L. Ed. 2d 1058 (1990); *Starr Enterprise* v. *Hanna*, 33 Conn. App. 924, 925, 635 A.2d 889 (1994).

The judgment is affirmed.

In this opinion the other judges concurred.