[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re Motion to Strike
This action arises between two abutting property owners. The plaintiff Chayka alleges that the defendant Perugini unlawfully entered the plaintiff's property and cut down and removed trees thereon. The defendant moves to strike one of the two counts of the complaint and the claim for relief for punitive damages.
The defendant was served with the writ, summons and complaint on March 17, 1997. On May 1, 1997, the defendant filed this motion to strike. On May 1, 1997, the plaintiff filed an amended complaint. At oral argument on this motion, the defendant represented to the court that the amended complaint did not correct the deficiency claimed in the motion. Accordingly, the court heard the motion as to the amended complaint.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 152. "Like the demurrer it admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the Facts pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The defendant argues that Count Two does not allege a cause of action in conversion because' the allegations do not relate the defendant's actions directly to the plaintiff's property. (p. 4, Memorandum in Support of Motion to Strike). A reading of the amended complaint suggests otherwise. Count Two incorporates the allegations of Count One, including the following allegation:
 7. While unlawfully upon the premises owned by the plaintiff, the defendant, without authorization or license from the plaintiff, commenced cutting down and removing trees, bushes and saplings (collectively referred to herein as "trees") located thereon.
Count Two also alleges that the defendant "converted the CT Page 12397 premises of the plaintiff to his own use and benefit."
A cause of action in conversion is stated when the complaint alleges that one without authority assumes and exercises the right of ownership over property belonging to one another, to the exclusion of the owner's rights." Luciani v. Stop Shop,15 Conn. App. 407, 409 (1988). The amended complaint alleges that the defendant unlawfully entered the plaintiff's property and removed trees belonging to the plaintiff. Taking the pleadings in a light most favorable to the plaintiff, the court finds that the plaintiff has sufficiently pleaded a cause of action seeking damages for the alleged conversion of the trees. See Peters v.Pearl, 37 Conn. App. 153 (1995) (conversion of trees); Hartlin v.Cody, 144 Conn. 499, 508 (1957) ("Wrongful conversion applies only to personal property."); see Falker v. Samperi,190 Conn. 412 (1983) (excavation of earth material from plaintiff's property). The motion to strike is denied on this ground.
The defendant argues that the claim for punitive damages as to the second count should be stricken because the count fails to allege the necessary elements. In order to recover common law punitive damages, the pleadings must allege "wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Farrell v. Farrell,36 Conn. App. 305, 311 (1994), quoting Markey v. Santangelo,195 Conn. 76, 77 (1985). The amended complaint contains no such explicit language. The motion to strike is granted on this ground.
For the foregoing reasons, the motion to strike is denied as to Count Two and granted as to the claim for common law punitive damages.
DiPentima, J.