# FARMERS AND MECHANICS BANK *v.* STANLEY M. KRUPA ET AL.
## (AC 18426)

Foti, Spear and Hennessy, Js.

Argued January 13—officially released March 30, 1999

*Stanley M. Krupa,* pro se, the appellant (named defendant).

*Theodore V. Raczka,* for the appellee (substitute plaintiff).

*Opinion*

PER CURIAM. The named defendant,[1] Stanley M. Krupa, appeals from the judgment of strict foreclosure of a mortgage rendered in favor of the substitute plaintiff, Citizens Bank of Connecticut (Citizens).[2] On appeal, the defendant claims that the trial court improperly (1) found the amount of the debt due and (2) found that

---

[1] The defendant mortgagors were Stanley M. Krupa and Patricia A. Krupa. The sole defendant on appeal is Stanley M. Krupa, who appeared pro se. We refer in this opinion to Stanley M. Krupa as the defendant.

[2] The plaintiff mortgagee is now the Citizens Bank of Connecticut by virtue of a certificate of change of name dated November 6, 1996, and by being substituted as party plaintiff by amended complaint dated March 24, 1997.

the debt due had been properly accelerated. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. The plaintiff, Farmers and Mechanics Bank, commenced this foreclosure action by a complaint alleging that it had loaned the defendant $300,000, which was memorialized by a promissory note dated May 11, 1989, and secured by a mortgage deed encumbering property known as 14 Iron Gate Lane in Cromwell. As a result of the defendant's failure to pay on the note, the plaintiff accelerated payment of the debt. At the commencement of trial, the parties stipulated to the entry, as full exhibits, of the mortgage note and deed, affidavit of appraisal, appraisal report and demand letter dated December 15, 1995. The sole issue before the trial court was the calculation of debt. At the completion of the trial, the trial court found the total value of the property to be $215,000, and the total debt to be $348,933.19. The trial court rendered a judgment of strict foreclosure and set law days.

Citizens' primary witness as to the debt was Susan Wasowicz, its operations manager and treasurer, who was in charge of overseeing employees who entered and maintained accounts on the computer system and were responsible for the system's proper functioning. The trial court determined that Wasowicz's "duties, experience and personal knowledge of the plaintiff's computer system fully qualify her as to the amount of debt and the accuracy of the plaintiff's records."

The basis of the defendant's claims is that the trial court improperly allowed and accepted the testimony of Wasowicz. "In assessing the credentials of a witness whose testimony is the foundation for the admission of computer generated business records, our Supreme Court has held that '[w]hat is crucial is not the witness' job description but rather his knowledgeability about

the basic elements that afford reliability to computer printouts.' [*American Oil Co.* v. *Valenti,* 179 Conn. 349, 360, 426 A.2d 305 (1979)]." *SKW Real Estate Ltd. Partnership* v. *Gallicchio,* 49 Conn. App. 563, 576–77, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998). "Trial courts must have considerable latitude in determining the admissibility of evidence in this area as in others." *American Oil Co.* v. *Valenti,* supra, 360. Computer printouts and adjustment sheets may be properly admitted as evidence of the principal due on a note. *Webster Bank* v. *Flanagan,* 51 Conn. App. 733, 743–48, 725 A.2d 975 (1999); *SKW Real Estate Ltd. Partnership* v. *Gallicchio,* supra, 577. It is not necessary for the witness through whom business records are entered into evidence to have personal knowledge of the transaction. *SKW Real Estate Ltd. Partnership* v. *Gallicchio,* supra, 576. We conclude that the trial court properly admitted the witness' testimony, as she was competent to testify as to the debt and the accuracy of the plaintiff's records.

The defendant claims that the trial court improperly determined that the debt due the plaintiff had been properly accelerated because there was insufficient evidence as to the validity of the interest rates.[3]

"When a variable interest rate is based on the rate of a failed institution, the trial court must determine whether the substitute rate is reasonable by examining the documents and testimony offered by the plaintiff." *Central Bank* v. *Colonial Romanelli Associates,* 38 Conn. App. 575, 578, 662 A.2d 157 (1995). There is no

---

[3] The defendant argues that the evidence was insufficient to show the validity of the interest rate and, therefore, the trial court reasonably could not have found that a default existed, allowing acceleration. Specifically, his claim is that improper calculation of the interest rate could have resulted in his paying in excess of that which he was required to pay. There is, however, no evidence indicating that the defendant ever paid more than was required under the terms of the adjustable rate note.

distinction between the predecessor and successor mortgagee after a merger or name change. *SKW Real Estate Ltd. Partnership* v. *Gallicchio,* supra, 49 Conn. App. 579.

Wasowicz testified that she was a loan supervisor with the plaintiff and that her duties as a loan supervisor continued after the plaintiff merged with Citizens. Through that testimony, the trial court received evidence, which it obviously accepted, as to the accuracy of the plaintiff's "index" figure, used annually to recalculate the interest rate of the loan. The accuracy of the rate changes on variable rate notes was placed into evidence through the testimony of the witness, based on her own observations, and the results of audits conducted by the plaintiff's in-house audit, and those of the state banking commission and the Federal Deposit Insurance Corporation.

The defendant, through an extensive cross-examination of the witness, sought to discredit her testimony on this point; he never elicited any fact concerning whether the rate changes were inaccurate. "[I]t is axiomatic that this court cannot retry the facts or pass on the credibility of witnesses." *Peters* v. *Pearl,* 37 Conn. App. 153, 156, 655 A.2d 262, cert. denied, 233 Conn. 908, 658 A.2d 980 (1995). The evidence presented through the testimony of Wasowicz, who had personally calculated the debt and the interest rate, was sufficient to establish the variable rate and the reasonableness of the rate used.

Furthermore, when asked on direct examination by Citizens' counsel, the defendant admitted that he had not made any payments on the note since November, 1995, and that he had not made any payments on the note even after receiving the letter of demand from the plaintiff. The trial court reasonably could have found

that the defendant was in default on the promissory note.

We conclude, on the basis of the record before us, that the trial court had before it sufficient evidence to find that the plaintiff properly accelerated the loan due, a condition precedent to the foreclosure, and to determine the debt and the value of the property. We, therefore, conclude that the trial court properly rendered a judgment of strict foreclosure for the Citizens.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.