[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action on a promissory note, dated May 25, 1989, in the original principal balance of $70,000, executed by the defendant, Gary N. Dobrindt, in favor of the Saybrook Bank and Trust Company, a predecessor in interest to the present plaintiff, National Loan Investors.
This matter is before us as a hearing in damages after the entry of a summary judgment against the defendant.
The original plaintiff, Saybrook Bank and Trust Company failed and was succeeded in interest by the FDIC, who, in turn sold its rights under the aforesaid note to Midstates Resources Corp. Midstates commenced suit against the defendant by writ, summons and complaint, dated October 20, 1998. Midstates obtained a summary judgment on June 27, 2000, which judgment is assigned to the current plaintiff, National Loan Investors.
The parties, being at issue on damages, were present and/or were represented by counsel at the scheduled hearing in damages held before this court.
After a full hearing, the court based on the preponderance of the CT Page 216 credible, relevant, reliable and legally admissible evidence and the rational, reasonable, logical and lawful inferences to be drawn therefrom finds, determines and rules as follows:
The foremost question to be decided by this court is the amount of damages assessable against the defendant whose liability was established by a summary judgment.
Two witnesses testified at trial. Diana Tubbs, an employee of National Loan Investors, testified as to her opinion as to what balance of indebtedness was owed to the plaintiff by the defendant. A trial balance posting journal page, purported to have been originated by Saybrook Bank in December of 1991, was admitted into evidence by the court which held that the document was legally admissible, but, based on the evidence presented at trial, the court would afford the document such weight at the court deemed appropriate.
The court expressly finds that the document, Exhibit 4, fails to meet the standards of probity enunciated in SKW Real Estate LimitedPartnership v. Gallicchio, 49 Conn. App. 563, (1998); Federal DepositIns. Corp. v. Carabetta, 55 Conn. App. 369 (1999); American Oil Co. v.Valenti, 179 Conn. 349 (1979); and Farmers and American Bank v. Krupa,52 Conn. App. 493 (1999). Further, even when properly admitted, such records carry no presumption of accuracy, the credibility of the records remains a question for the trier of fact. State v. Ward, 172 Conn. 163,170 (1976).
The witness, Tubbs, did not prepare Exhibit 12, was not employed by the bank who prepared the document, did not know who prepared the document, did not know the Saybrook Bank Officers or procedures, did not work for the FDIC when it took over the Saybrook Bank. did not know from her own knowledge the accuracy of the figures contained in Exhibit 4, and, could not testify whether or not Saybrook Bank followed general banking procedures on a day-to day basis.
The witness Tubbs, based her reliance on Exhibit 4 on assumption that normal banking procedures were followed. None of her testimony was based on personal knowledge of the facts and circumstances of the note and any balance due.
Accordingly. this court expressly finds that the credibility and accuracy of the balance due the note was not established by the plaintiff by a preponderance of the evidence.
Accordingly, judgment may enter for the plaintiff to recover of the defendant the amount of $1.00, without costs to either party. CT Page 217
SPALLONE, JUDGE TRIAL REFEREE.