RICHARD W. BALLARD ET AL. *v.* ASSET RECOVERY
MANAGEMENT COMPANY ET AL.
(14148)

Dupont, C. J., and O'Connell and Spear, Js.

---

Submitted on briefs September 8—decision released December 12, 1995

*Gregory J. Pepe, Michael D. Neubert* and *Maria A. Vanderlaan* filed a brief for the appellants (defendants).

*Michael S. McKenna* filed a brief for the appellees (plaintiffs).

SPEAR, J. The defendants[1] appeal from a $22,500 judgment in favor of the plaintiffs. The trial court rendered judgment after granting the plaintiffs' motion for summary enforcement of a settlement agreement. The defendants assert that such summary enforcement is improper because (1) the agreement does not comply with the statute of frauds, (2) the agreement is not the product of a "meeting of the minds," (3) the dispute over the terms of the agreement required an evidentiary hearing, (4) the plaintiffs failed to satisfy a condition precedent to the defendants' obligation to pay the

---

[1] The defendants are Asset Recovery Management Company, New Milford Savings Bank and Vincent McCarthy.

agreed amount and (5) the plaintiffs made a material misrepresentation to induce the defendants to enter into the settlement agreement. We agree that summary enforcement was improper and, therefore, reverse the judgment of the trial court.

We glean the following facts from the record. The plaintiff buyers, Richard Ballard and Denise Ballard, entered into a contract with the defendant seller, Asset Recovery Management Company (ARMCO), to purchase certain real estate in the town of New Milford. After ARMCO refused to convey the property, the plaintiffs brought suit claiming, inter alia, specific performance and money damages. While the action was pending, the attorneys for the parties exchanged letters agreeing to a settlement. ARMCO and New Milford Savings Bank agreed to pay $22,500 to the plaintiffs in exchange for a withdrawal of the action, release of all the defendants, a release of lis pendens, and documentation of certain expenses incurred by the plaintiffs for extras in connection with construction on the property.

The clause at issue appears in the defendants' letter to the plaintiffs' attorney and states: "In addition, you have agreed to provide me with the receipts and copies of the cancelled checks for all of the extras your clients have paid for in connection with the subject property."

The defendants claim that the plaintiffs represented that they had incurred $11,000 in expenses for extras[2] and that ARMCO relied on that figure in agreeing to pay $22,500 to settle the dispute. After the plaintiffs delivered receipts and cancelled checks totaling only $4979.54, the defendants refused to pay. The plaintiffs filed a motion for judgment in accordance with the

[2] According to the defendants' brief, extras include any costs incurred during the construction or installation of items not included in the specifications and not included in the purchase price.

settlement agreement and the defendants objected, making the same claims that they now raise on appeal.

Because the trial court denied the defendants' request for an evidentiary hearing, the hearing on the motion to enforce the settlement agreement was limited to brief oral argument. Upon finding that "the settlement agreement was clear and unambiguous and, therefore, enforceable," the trial court rendered judgment for the plaintiffs in the amount of $22,500. This appeal followed.

We agree with the defendants that the dispute over the documentation of the extras precluded summary enforcement of the settlement agreement. "A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law [only] when the terms of the agreement are clear and unambiguous"; *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 811, 626 A.2d 729 (1993); and when "the parties do not dispute the terms of the agreement." Id., 812. In this case, the defendants challenge the trial court's legal conclusion that the settlement contract was clear and unambiguous and, therefore, enforceable summarily. Such a legal challenge requires us to determine whether the trial court's conclusions " 'are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . .' " *Bowman* v. *1477 Central Apartments, Inc.*, 203 Conn. 246, 256, 524 A.2d 610 (1987).

We conclude that the language of the extras clause is not sufficiently definitive to support the trial court's legal conclusion that the contract was clear, unambiguous and, therefore, enforceable summarily. Specifically, we can not ascertain what the parties intended by the clause "all the extras your clients have paid for." "[A] determination of what the parties intended is normally

a question of fact, reversible only if the trier of fact could not reasonably have arrived at the conclusion that it had reached." *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corp.*, 203 Conn. 123, 130, 523 A.2d 1266 (1987). "In the absence of definitive contract language, however, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." (Internal quotation marks omitted.) *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 199, 520 A.2d 208 (1987); see also *Bryan* v. *Reynolds*, 143 Conn. 456, 460, 123 A.2d 192 (1956).

The defendants claim that the agreement required the plaintiffs to document $11,000 in costs for extras. The plaintiffs, who furnished documentation in the amount of $4979.54, claim, however, that the agreement did not require such documentation. The trial court did not discuss this disputed provision, but rather relied solely on language used earlier in a letter from the defendants' attorney that states: "I am writing to confirm our settlement agreement in the above captioned case. As we discussed, your clients will receive $22,500 from New Milford Savings Bank and/or ARMCO in exchange for a withdrawal and a general release to all of the defendants."

The trial court should have considered all of the language of the contract because "[p]arties generally do not insert meaningless provisions in their agreements and therefore every provision must be given effect if reasonably possible . . . ." (Citation omitted; internal quotation marks omitted.) *Mack Financial Corp.* v. *Crossley*, 209 Conn. 163, 168–69, 550 A.2d 303 (1988); *Connecticut Co.* v. *Division 425*, 147 Conn. 608, 617, 164 A.2d 413 (1960); *Patron* v. *Konover*, 35 Conn. App. 504, 509–10, 646 A.2d 901, cert. denied, 231 Conn. 929, 648 A.2d 879 (1994). A court cannot disregard terms in a contract. *Slifkin* v. *Condec Corp.*, 13 Conn. App. 538,

545, 538 A.2d 231 (1988). Because the contract was unclear and ambiguous on its face and because a term was in dispute, we conclude that the trial court improperly rendered judgment enforcing the settlement agreement. This resolution renders discussion of the defendants' other claims unnecessary.

The judgment is reversed and the case is remanded with direction to deny the plaintiffs' motion for summary enforcement of the settlement agreement.[3]

In this opinion the other judges concurred.

---

[3] We decline to order an evidentiary hearing as requested by the defendants. They rely on federal precedent for the proposition that where the terms of a settlement agreement are disputed, the trial court should conduct an evidentiary hearing in lieu of summary enforcement. We are not persuaded that we should go beyond the boundaries of *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.,* supra, 225 Conn. 811–12, and create a "limited dispute" hearing by judicial fiat where the terms of a purported settlement agreement are disputed.