[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Aqua Message International, Inc. ("Aqua"), has filed a motion for judgment and summary enforcement of the parties settlement agreement. It maintains that the parties reached an agreement of their dispute after successful mediation before the American Arbitration Association on November 4, 1996.
The plaintiff, Merlin Thompsen ("Thompsen"), disagrees and claims there was no agreement.
In support of its position, Aqua offered into evidence a letter from the American Arbitration Association dated November 5, 1996, which stated that, "This letter is to inform you that the mediation of November 4, 1996 was successful." (Def. Exh. 1.) David M. Cote, President of Aqua, testified that an agreement had been reached to settle all matters in dispute between the parties. He then prepared and sent to Thompsen the agreement in writing which he maintained CT Page 6849 confirmed all the terms agreed upon. (Def. Exh. 2.)
On November 18, 1996, the agreement was sent to the plaintiff for review. On January 16, 1997, plaintiff's counsel wrote a letter in which he stated that his client would not be able to enter into the agreement. (Pl. Exh. 1.) In his letter, counsel does not deny that the written agreement was the same as what was agreed upon at the arbitration hearing. He just states that he is submitting a counter proposal.
After reviewing the testimony of Cote and Thompsen and the exhibits, the court is firmly convinced that there was an agreement between the parties on November 4, 1996.
The question is whether the agreement, (Def. Exh. 2) accurately reflected the oral agreement. Cote was a strong and persuasive witness who clearly stated that oral and written agreements were the same. Thompsen was a confused, somewhat inarticulate witness who testified that he could not remember what was agreed to or discussed at the November 4, 1996 meeting. He said he saw the agreement drafted by the defendant but never stated any objection to Cote or his attorney.
The court finds Cote's testimony to be the more credible and, therefore, believes the written agreement does accurately reflect the oral understanding of the parties on November 4, 1996.
The court finds the law to be firmly established that an agreement to settle a lawsuit is binding upon the parties.Audubon Parking Associates Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804 (1993). Once reached, a settlement agreement cannot be repudiated by either party. Whether the parties concluded a settlement agreement is determined by "the intention of the parties manifested by their words and acts." Hess v. Dumouchel Paper Co.,154 Conn. 343, 347 (1966). The intention of the parties is a question of fact, and when that is ascertained it is conclusive.Ballard v. Asset Recovery Management Co., 39 Conn. App. 805,809 (1995).
In view of the court's finding that the written agreement accurately recites the material terms of the oral agreement, CT Page 6850 the defendant is entitled to its specific enforcement.
A settlement agreement, freely bargained, is recognized as binding upon the parties.
The court, therefore, grants the defendant's motion for judgment and summary enforcement of the settlement agreement.
D. Michael Hurley Judge Trial Referee