[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #123 MOTION FOR SUMMARY JUDGMENT
The Defendants have filed a Motion for Summary Judgment (#123) asserting that there are no material facts in issue in the plaintiff's Complaint and that the Defendants are entitled to CT Page 13376 judgment as a matter of law.
The Defendants specifically allege, inter alia, that they are entitled to judgment as a matter of law on the Six Counts of the Complaint because, the Plaintiff, Robert L. Hughes, on December 3, 1993, executed a certain General Release (Exhibit 1 of Defendant's Motion for Summary Judgment), which General Release was drafted, witnessed and acknowledged by the Plaintiff's attorneys, and by which General Release, in its clear and unambiguous language, the Plaintiff released the Defendants from any liability for the acts asserted in the Plaintiff's Complaint in this action.
The resolution of this issues presented within the Defendants' Motion for Summary Judgment turns upon this Court's determination as to whether the General Release so executed by the said Plaintiff, Robert L. Hughes, on December 3, 1993 extends to the defendants in the instant action.
The law firm of Carmody Torrance, Joseph F. Budny and James K. Robertson, Jr. all represented an entity known as Fabricated Metal Products, Inc. in certain litigation between the said Robert L. Hughes and the said Fabricated Metal Products, which litigation was ultimately settled and resolved by virtue of the execution of the above-referenced General Release on December 3, 1993.
Subsequent to the execution of the above-referenced General Release, on August 16, 1995, the Plaintiff, Robert L. Hughes, filed a six count Complaint against the Defendants, the law firm of Carmody Torrance of Waterbury, Connecticut, and two of its attorneys, Joseph F. Budny and James K. Robertson, Jr. The six counts of the Complaint sound in the following order and are addressed to all the Defendants: Count One sounds in false imprisonment; Count Two sounds in abuse of process; Count Three sounds in intentional infliction of emotional distress; Count Four sounds in negligent infliction of emotional distress; Count Five sounds in negligence; Count Six sounds in a claim for punitive damages based on an allegation that the Defendants acted willfully, wantonly and maliciously in having the plaintiff imprisoned pursuant to a capias issued by the Superior Court.
The Plaintiff's Complaint alleges the following facts: "On August 11, 1993, Defendants, on behalf of their client Fabricated Metal Products, Inc. (`FMP'), commenced an action against CT Page 13377 Hughes . . . entitled `Fabricated Metal Products. Inc. v. RobertL. Hughes and Claudia Hughes,' Docket No. CV-93-01165685S (the `Action'). In connection therewith, Defendants filed an exparte motion for expedited discovery . . . the Order entered by Judge Pellegrino in connection with that motion provided for the taking of Hughes' deposition prior to September 27, 1993 . . . twenty (20) days after the return date for the Complaint in the Action." (Complaint, Allegations Common To All Counts, ¶; 5.) The plaintiff alleges that "the manner and timing of Defendants' commencement of the action was calculated and . . . designed to harass Hughes . . ." (Id., ¶; 7)
The Complaint alleges that on August 16, 1993, "Robertson expressly represented to [Hughes' attorney] that [Carmody Torrance] would not prosecute the Action in any manner while the parties were discussing settlement. . . [and] that Hughes' deposition, noticed for Wednesday, August 18, 1993 . . . would be adjourned." (Complaint, Allegations Common To All Counts, ¶; 11.) The Complaint further alleges that "despite having agreed to adjourn the deposition and without proper notice to Hughes or Hughes' counsel, Cummings, who (sic) they knew to be unavailable, these Defendants nevertheless undertook to conduct a deposition . . . Thereafter . . . these Defendants used this purported `failure' by Hughes to appear [at the deposition] to secure . . . an ex parte Order directing the issuance of a capias against Hughes." (Id., ¶; 14) The Complaint further alleges that "[w]hile the capias may ultimately have been quashed, the embarrassment and humiliation visited upon Hughes by reason thereof endure and continue to torment Hughes to this very day." (Id., ¶; 17.)
On October 23, 1995, the Defendants filed an Answer and Special Defenses to the Plaintiff's Complaint asserting, interalia, that the action is barred by virtue of the above referenced General Release. On October 30, 1995, the Plaintiff filed a Reply to Defendants' Special Defenses.
On December 10, 1997, the Defendants filed a Motion for Summary Judgment and a Memorandum of Law in support of this Motion. On January 23, 1998, the Plaintiff filed an affidavit in opposition to the Motion for Summary Judgment. On February 2, 1998, the Plaintiff filed a memorandum of law in opposition to the Motion for Summary Judgment. On April 20, 1998, the Defendants filed a reply memorandum of law. Also on April 20, 1998, the Defendants filed a memorandum in support of striking CT Page 13378 the Plaintiff's affidavit filed in opposition to Defendants' Motion for Summary Judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Gambardella v. Kaoud,38 Conn. App. 355, 358, 660 A.2d 877
(1995). "In deciding a Motion for Summary Judgment . . . [t]he test is whether a party would be entitled to a directed verdict on the same facts."Beers v. Bavliner Manne Corp. , 236 Conn. 769,771 n. 4, 675 A.2d 829 (1996). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Ascuitto v. Famcielli, 244 Conn. 692,696, 711 A.2d 708 (1998).
In his Complaint, the Plaintiff argues that "[i]t was explicitly agreed [among the Plaintiffs attorney and the Defendants in the underlying action] that the deposition of the Plaintiff scheduled for August 18 would not take place . . . [however] the Defendants had secretly obtained a capias from this court (Pellegrino, J.) for the arrest of the Plaintiff for failing to attend the previously-postponed deposition. As a result, the Plaintiff . . . was arrested . . ." (Plaintiff's Memorandum In Opposition, p. 6.)
The Fabricated Metal Products, Inc. v. Robert L. Hughes andClaudia Hughes action was ultimately settled between the parties and mutual General Releases were executed and exchanged between the parties. Notwithstanding the settlement of said action and the exchange of said mutual General Releases, Hughes has filed the instant action and opposes the Defendants' Motion for Summary Judgment by arguing that "[a]t the very most . . . the language of the release (as it applies to the Defendant's in the instant action) is highly ambiguous as to any person or entity other than the corporation (Fabricated Metal Products, Inc.) . . . Moreover, the Defendants' Motion fails to take into account . . . Section 52-572 (e)(b) of the Connecticut General Statutes . . . [which] provides in relevant part: `A release . . . of one joint CT Page 13379 tortfeasor does not discharge the other tortfeasors unless, and only to the extent, the release so provides.'" (Citations omitted.) (Memorandum in Opposition, p. 9.)
The Plaintiff further argues that "maliciously imprisoning one's adversary, by lying to his lawyer and to the court, . . . is not within the normal contemplation of private litigation.'" (Id., p. 11.)
The Defendants argue that their Motion for Summary Judgment should be granted on the following grounds: "The Defendants are entitled to judgment . . . because, according to the clear and unambiguous language of a General Release . . . the Plaintiff released the Defendants from any liability . . ." (Motion for Summary Judgment, ¶; 1, p. 1-2.) "The Defendants are further entitled to judgment . . . on Counts One, Three, Four, Five and Six . . . because the recognition of private rights of action . . . against an attorney for harm allegedly caused by the attorney's performance . . . would impermissibly compromise the attorney's duty of undivided loyalty . . . owed to the client." (Id., ¶; 2.)
The Defendants argue further that "[w]ith respect to the false imprisonment claim . . . there existed `valid legal authority' for the physical restraint of the Plaintiff, specifically, the Court's capias order." (Id., ¶; 3(a).) Moreover, the Defendants argue that "[w]ith respect to the abuse of process claim . . . the Defendants are entitled to judgment because the Plaintiff's allegation that the Defendants' conduct `was undertaken for a collateral purpose unrelated to prosecution of the Action' . . . fails to constitute an `improper purpose'. . ." (Id., ¶; 3(b).) The Defendants argue that "[w]ith respect to the intentional infliction of emotional distress claim . . . the Defendants' alleged misconduct cannot be found to be atrocious . . . [and] [w]ith respect to the negligence and negligent infliction of emotional distress claims . . . the Defendants did not owe the Plaintiff a duty of care . . ." (Id., ¶; 3(c)-(d).)
The Defendants argue that "the Plaintiff's claim for `Punitive Damages' . . . cannot be [recovered] . . . without pleading and proving a legally recognized tort which supports such a claim." (Id., ¶; 3(e).) The Defendants also claim that "the tort reform statute only applies to situations involving `joint tortfeasors,'. . . [i]n the instant action, the Defendants CT Page 13380 and FMP [Fabricated Metal Products, Inc.] are not `joint tortfeasors.'" (Reply Memorandum In Support Of Motion for Summary Judgment, p. 3.)
The Defendants correctly assert that "the tort reform statute, General Statutes § 52-572e only applies to situations involving `joint tortfeasors,'. . . [and] [i]n the instant action, the Defendants and FMP are not `joint tortfeasors.'" (Defendants' Reply Memorandum, p. 3.) General Statutes § 52-572e, which provides for the release of joint tortfeasors, states, in relevant part, that "[for the purposes of this section the term `joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property . . ." The Defendants and F.M.P. were not joint parties to the underlying cause of action and were not joint tortfeasors, such that the release of one would not function to release the other.
As regards the General Release, our courts have held that "[A] release is a contract to which the ordinary rules of contract interpretation apply." Lapuk v. Simons, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 704542 (January 3, 1995, Corradino, J.), affirmed,41 Conn. App. 750, 677 A.2d 24, cert. denied, 239 Conn. 926, 683 A.2d 21
(1996). "The use of releases in the commercial world would collapse if people could simply back out of them by saying they were not informed of all the conditions that might or would have affected their decision when they had full access to such information . . ." Id.
The Supreme Court has held that "the general rule of contract construction [is] that unambiguous contract provisions are to be given their plain meaning without reference to evidence outside the four corners of the agreement." Sims v. Honda Motor Co.,225 Conn. 401, 415, 623 A.2d 995 (1993). "The trial court should . . . consider all of the language of [a] contract because parties generally do not insert meaningless provisions in their agreements and therefore every provision must be given effect . . . A court cannot disregard terms in a contract." (Citations omitted; internal quotation marks omitted.) Ballard v.Asset Recovery Management Co., 39 Conn. App. 805, 809,667 A.2d 1298 (1995), cert. denied, 236 Conn. 906, 670 A.2d 1306 (1996). CT Page 13381
The Release signed by the Plaintiff provides, in pertinent part, that "Robert L. Hughes . . . in consideration of sum of One Dollar . . . does release and forever discharge the said Releasees (Fabricated Metal Products, Inc. and Robert V. Matthews), their agents, attorneys (emphasis added), consultants and advisors . . . from any and all, and all manner of action and actions . . . we ever had, now have . . . or may have . . . and especially in connection with and arising out of any and all matters from the beginning of time to the date of the execution of this Release, whether known or unknown, by which the Releasor herein may have had or could have any claim of any nature whatsoever against the Releasees herein" (emphasis added) (Motion for Summary Judgment, Exhibit B.)
The "Releasees" under the clear and unambiguous terms of the Release, in addition to Fabricated Metal Products, Inc. and Robert V. Matthews, included their ". . . agents, attorneys, consultants and advisors . . . ".
It is clear to this Court as it is clear from the language of the subject Release, which language is to be given its plain meaning, that the Defendants in the instant action were included within the purview of the subject General Release. As a result thereof, it is equally as clear that the Plaintiff has released the Defendants from the causes of action raised in the Plaintiff's Complaint in the instant action.
Accordingly, the Defendants' Motion for Summary Judgment is granted.
As to the other issues raised in the Defendants' Motion, Summary Judgment may also enter on the following grounds: As to Count one, sounding in false imprisonment — "there is no cause of action for false imprisonment if the Plaintiff was arrested pursuant to a facially valid warrant." Outlaw v.Meriden, 43 Conn. App. 387, 392, 682 A.2d 1112, cert. denied,239 Conn. 946, 686 A.2d 122 (1996). Clearly, the capias issued by the Court in this matter was "facially valid".
As to Count two, sounding in abuse of process, summary judgment is granted as the Plaintiff has alleged insufficient facts for this cause of action. "[L]iability [is meant to be excluded] when . . . process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the Defendant." (Citations omitted; internal quotation marks omitted.) Mozzochi v. Beck, CT Page 13382204 Conn. 490, 494, 529 A.2d 171 (1987). In Mozzochi v. Beck, the court held that a "Complaint does not state a cause of action for abuse of process. . . [where] [i]ts key allegation is that the Defendants continued to pursue litigation `for an unlawful ulterior purpose, to-wit: to inflict injury upon the Plaintiff and to enrich themselves and their client . . .' [which is] [s]o general an allegation of abuse [that it does] not satisfy the requirement of showing the use of legal process primarily to accomplish a purpose for which it was not designed." (Citations omitted; internal quotation marks omitted.) Id. The Plaintiff's Complaint in the instant action similarly does not sufficiently allege such facts as to constitute an abuse of process even when viewed in the light most favorable to the Plaintiff.
As regards Count three, sounding in intentional infliction of emotional distress, summary judgment is granted on the ground that "[p]arties and their counsel who abuse the process . . . for their personal motives are subject to civil liability for vexatious suit or abuse of process. . . [but] their statements in pleadings or in court, however, cannot independently be made the basis for an action in . . . intentional infliction of emotional distress." (Citations omitted.) DeLaurentis v. NewHaven, 220 Conn. 225, 264, 597 A.2d 807 (1991). As regards Count four, sounding in negligent infliction of emotional distress, summary judgment may also enter based on the reasoning ofDeLaurentis v. New Haven, supra, 225.
For all of the foregoing reasons, the Defendant's Motion for Summary Judgment is granted.
BY THE COURT
CARROLL, J.