[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I. BACKGROUND
On May 3, 1999, the plaintiff, Joseph J. Moniz, Jr., filed a single count amended complaint against his former employer, the defendant Pfizer, Inc., arising out of the alleged discriminatory termination of the plaintiff by the defendant. The Commission on Human Rights and Opportunities (CHRO) for the State of Connecticut is also named as a defendant, but is not a party to the present motion for summary judgment.
The plaintiff alleges in his complaint that he was employed by the defendant Pfizer for approximately twenty-nine years prior to being terminated. He was last employed as a millwright, and was fifty-two years of age at the time of the termination. According to the plaintiff, the defendant terminated him "on the alleged reason that he had violated the defendant's rules or policy." Amended Complaint, p. 6, ¶ 2.
In response to his termination, the plaintiff received a severance pursuant to the Employee Severance Plan utilized by the defendant. As a condition to receiving the severance, the plaintiff was required to and did execute a general release of any and all claims in favor of the defendant. The release was signed and dated by the plaintiff on March 20, 1998. Knowing of the plaintiffs intentions to file a complaint with the Equal Employment Opportunity Commission (EEOC) on the basis of age discrimination, the defendant exempted this administrative filing from the text of the general release. The plaintiff did agree, however, that should he successfully prosecute a claim of age discrimination through the EEOC, he waived any monetary damages that he would otherwise be entitled to. The plaintiff was permitted to and did seek the advice of counsel during the negotiation of his severance package.
Subsequently, the plaintiff filed a written charge of age discrimination with the CHRO, on or about May 11, 1998. After completing its investigation, the CHRO issued an authorization and release to the plaintiff on or about February 16, 1999, allowing him to commence civil action against Pfizer on the basis of age discrimination. As a result, the plaintiff filed the present action, alleging that the defendant violated Connecticut General Statutes § 46a-60 (a)(1) and (3)[1] by terminating the plaintiff's employment where the plaintiff was otherwise fully qualified for the position. CT Page 13835
On June 4, 1999, the defendant Pfizer filed a motion for summary judgment, along with an affidavit and memorandum of law in support. The plaintiff filed an objection to the defendant's motion for summary judgment on June 23, 1999 and a memorandum of law in support. The plaintiff filed a revised memorandum in support of his objection to the defendant's motion for summary judgment on July 12, 1999.
 II. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "A material fact is one that would alter the outcome of the case." Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 14, 728 A.2d 1114, cert. denied, 249 Conn. 919
___ A.2d ___ (1999).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citation omitted; internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Citation omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998). CT Page 13836
The defendant Pfizer moves for summary judgment on the ground that no genuine issue of fact exists and that the plaintiff should be precluded from maintaining this action pursuant to a fully executed general release which he executed in favor of Pfizer. In support of its motion for summary judgment, the defendant argues that the plaintiffs attempt to file the present claim of age discrimination against the defendant pursuant to § 46a-60 (a)(1) and (3) is barred by virtue of the general release entered into by the parties on March 20, 1998. In further support of its motion for summary judgment, the defendant submitted the affidavit of Mary A. Gambardella. Alternatively, should the court determine that summary judgment is not the appropriate remedy, the defendant seeks an order from the court mandating that the plaintiff be precluded from proceeding unless he first returns to the defendant the consideration that he received in exchange for signing the general release.
The plaintiff opposes the defendant's motion for summary judgment on two fronts. First, the plaintiff contends that the defendant Pfizer was unable to execute a waiver agreement which may have affected the Commissioner's rights and responsibilities to enforce the Age Discrimination in Employment Act, (ADEA),29 U.S.C. § 621 et seq. See 29 U.S.C. § 626 (f)(4). Second, the plaintiff essentially contends that the release of claims is not valid in that it fails to comply with the requirements of the Older Workers Benefit Protection Act, 29 U.S.C. § 626 (f)(1) (A) — (H). Since the release is invalid, the plaintiff contends that he is permitted to proceed with the present action and/or is entitled to reinstatement pursuant to § 46a-86
(b).[2]
In pertinent part, the revised general release signed by the plaintiff provides: "1. In consideration of and in exchange for the agreement of Pfizer Inc. (Pfizer) to pay me $25,040.40 (28 weeks salary), $9396 (the agreed-upon value of all of my unexercised stock options as of February 9, 1998, the date of intended exercise) and for other good valuable consideration . . . I for myself, my heirs, administrators, executors and assigns agree to release and forever discharge Pfizer, its subsidiaries, affiliated companies, successors and assigns, its current and former employees, officers and directors from any and all claims that I may have as a result of any injuries, losses, damages or any other costs whatsoever. . . . This includes, without limitation, any facts or circumstances arising out of or in any way connected with or relating to my CT Page 13837 employment or its termination, including but not limited to . . . the Age Discrimination in Employment Act of 1967, as amended . . . or any other federal, state or municipal statute, ordinance or the common law relating to employment or employment discrimination. . . . 2. Although I retain the right to file a charge with the Equal Employment Opportunity Commission, I hereby waive any and all rights to the receipt of damages resulting from the disposition of any such charge." Defendant's Exhibit A.
"It is well settled that a release, being a contract whereby a party abandons a claim to a person against whom that claim exists, is subject to rules governing the construction of contracts. . . . The intention of the parties, therefore, controls the scope and effect of the release, and this intent is discerned from the language used and the circumstances of the transaction. . . . It is similarly stated that a release, no matter how broad its terms, will not be construed to include claims not within the contemplation of the parties . . . and, where the language of the release is directed to claims then in existence, it will not be extended to cover claims that may arise in the future." (Internal quotation marks omitted.) Muldoon v.Homestead Insulation Co., 231 Conn. 469, 482, 650 A.2d 1240
(1994), aff'd on remand, 37 Conn. App. 266, 655 A.2d 128 (1995). "[T]he general rule of contract construction [is] that unambiguous contract provisions are to be given their plain meaning without reference to evidence outside the four corners of the agreement." Sims v. Honda Motor Co., 225 Conn. 401, 415,623 A.2d 995 (1993). "The trial court should . . . [consider] all of the language of the contract because parties generally do not insert meaningless provisions in their agreements and therefore every provision must be given effect. . . . A court cannot disregard terms in a contract." (Citations omitted; internal quotation marks omitted.) Ballard v. Asset Recovery ManagementCo., 39 Conn. App. 805, 809, 667 A.2d 1298 (1995), cert. denied,236 Conn. 906, 670 A.2d 1306 (1996).
Moreover, "a release of employment discrimination claims, even those based on race, gender or age, does not violate public policy when such a release is part of the negotiated resolution of an employment related dispute. . . . To the contrary, public policy favors voluntary settlement of employment discrimination claims. . . ." (Citations omitted; internal quotation marks omitted.) Jeffress v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. 386866 (August 28, 1997, Silbert, J.); see also Laniok v. Advisory Committee,
CT Page 13838935 F.2d 1360, 1365 (2d Cir. 1991) (waiver of ADEA claim valid if made knowingly and voluntarily). The release, however, must comply with the provisions of the ADEA and the OWBPA in order to be validly invoked. See Oubre v. Entergy Operations, Inc.,522 U.S. 422, 118 S.Ct. 838, 842, 139 L.Ed.2d 849, on remand,136 F.3d 1342 (1998); Tung v. Texaco Incorporated, 150 F.3d 206, 209
(2d Cir. 1998).
In the present case, the release entered into by the parties attempts to waive the plaintiffs ability to file an action pursuant to several statutes, including the ADEA. In 1990, Congress amended the ADEA by passing the OWBPA, 29 U.S.C. § 626
(f). The OWBPA provides guidelines for employers to follow regarding the waiver of claims falling under the ADEA. The OWBPA states, in relevant part: "An individual may not waive any right or claim under this chapter [the ADEA] unless the waiver is knowing and voluntary. . . . [A] waiver may not be considered knowing and voluntary unless at a minimum — (A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate; (B) the waiver specifically refers to rights or claims arising under this chapter; (C) the individual does not waive rights or claims that may arise after the date of the waiver is executed; (D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled. . . ." 29 U.S.C. § 626
(f)(1)(A) — (D).
"The policy of the Older Workers Benefit Protection Act is . . . clear from its title: It is designed to protect the rights and benefits of older workers. The OWBPA implements Congress' policy via a strict, unqualified statutory stricture on waivers, and we are bound to take Congress at its word. Congress imposed strict specific duties on employers who seek releases of certain claims created by statute. Congress delineated these duties with precision and without qualification: An employee `may not waive' an ADEA claim unless the employer complies with the statute." Oubre v. Entergy Operations, Inc., supra,118 S.Ct. 841.
In the present case, the plaintiffs amended complaint alleges that the defendant Pfizer discriminated against the plaintiff on the basis of age, in violation of Connecticut's age discrimination statute, General Statutes § 46a-60 (a)(1) and CT Page 13839 (3). The issue presented to this court is, therefore, whether the plaintiff is barred, by virtue of signing the release, from bringing suit under § 46a-60 (a). The plaintiff contends first that by virtue of the plain language of 29 U.S.C. § 626
(f)(4), the attempted waiver was invalid. Second, the plaintiff essentially asserts that the form of the release did not meet the standards set forth in the OWBPA, and as such, the plaintiff should not be barred from bringing the present action.
 A. Ability to Waive Rights Under the OWBPA
The plaintiff first contends that the language of the OWBPA bars any waiver of rights between the parties which may affect the rights and responsibilities of the Commissioner of the EEOC. The plaintiff essentially argues that although the defendant claimed they "exempted" the plaintiffs right to file a claim with the EEOC, this was something that the defendant legally could not have waived. The language relied upon by the plaintiff in support of this contention states: "No waiver agreement may affect the Commissioner's rights and responsibilities to enforce this chapter. No waiver may be used to justify interfering with the protected right of an employee to file a charge or participate in an investigation or proceeding conducted by the Commission."29 U.S.C. § 626 (f)(4). Courts have held that the right to file a claim with the EEOC cannot be waived. See e.g., E.E.O.C. v.Astra U.S.A., Inc., 929 F. Sup. 512 (D. Mass. 1996), aff'd in part, vacated in part, 94 F.3d 738 (D. Mass. 1996). Simply because the defendant characterized the release as "exempting" the plaintiffs right to file a claim with the EEOC does not defeat the defendant's motion for summary judgment. The defendant explicitly permitted the plaintiff to file with a claim with the EEOC. The plaintiffs argument is, therefore, moot.
Moreover, in the present case, the plaintiff filed a claim with the Connecticut CHRO, and subsequently filed this civil action pursuant to state law. Section 626(f)(4) of the OWBPA has been interpreted to apply exclusively to claims brought under the EEOC, and has no effect on state age discrimination laws. SeeMassachusetts v. Bull HN Information Systems, 16 F. Sup.2d 90, 107
(D. Mass. 1998) ("the provision at issue seems to involve interference with claims and investigations of the EEOC, not other enforcement bodies"). As such, the plaintiffs argument is without merit.
 B. Validity of Waiver Under OWBPA
CT Page 13840
The plaintiff further challenges the defendant's motion for summary judgment by contending that the form of the release itself failed to comply with the standards set forth in the OWBPA. In particular, the plaintiff argues that: (1) the waiver did not refer to the state act specifically; (2) the plaintiff did not receive consideration in addition to the value to which he was already entitled; and (3) the waiver included rights or claims that would arise after the date the waiver was executed. The plaintiff urges this court to find that the waiver was invalid, and due to that invalidity, the plaintiff can pursue the present state age discrimination claim.
 1. Reference to State Act
The OWBPA requires waivers of claims of discrimination to be knowing and voluntary; See § 626(f)(1). Additionally, the waiver must satisfy certain other minimum requirements, including a specific reference to rights or claims arising under the ADEA. See § 626(f)(1)(A) — (H). In the present case, the release specifically provided, "This [waiver] includes, without limitation, any facts or circumstances arising out of or in any way connected with or relating to my employment or its termination, including, but not limited to . . . the AgeDiscrimination in Employment Act of 1967, as amended . . . or anyother federal, state or municipal statute, ordinance or thecommon law relating to employment or employmentdiscrimination. . . ." (Emphasis added.) Defendant's Exhibit A. The release in question clearly satisfies the requirements of the OWBPA, as it specifically refers to potential claims under the ADEA. No mention of the state discrimination law is necessary, as the provisions of the OWBPA apply exclusively to the ADEA and not to state law claims. See Branker v. Pfizer, Inc., 981 F. Sup. 862,867 (S.D.N.Y. 1997). The OWBPA only requires a reference to claims which may be brought pursuant to the ADEA. See 29 U.S.C. § 626
(f)(1)(B).
 2. Additional Value For Consideration
Second, the plaintiff asserts that the release fails to comply with the OWBPA in that it fails to provide consideration in addition to anything of value to which the individual is already entitled. See 29 U.S.C. § 626 (f)(1)(D). The plain language of the release itself tends to negate this argument. The release provides, in pertinent part: "In consideration of and in CT Page 13841 exchange for the agreement of Pfizer Inc. (Pfizer) to pay me $25,040.40 (28 weeks salary), $9396 (the agreed-upon value of all of my unexercised stock options as of February 9, 1998, the date of intended exercise) and for other good and valuableconsideration, the receipt of which is hereby acknowledged, I . . . agree to release and forever discharge Pfizer . . . from any and all claims that I may have. . . ." (Emphasis added.) Defendant's Exhibit A. It is well established that a release or waiver of rights is not supported by good consideration unless the plaintiff receives something more than he or she was rightfully entitled to. See Gorman v. Earmark, Inc., 968 F. Sup. 58,62 (D. Conn. 1997). Although the release itself does not expound upon exactly what other "good and valuable consideration" was given, the plaintiff has failed to provide the court with an affidavit or any other persuasive evidence demonstrating that he was actually entitled to all of the consideration received.
When challenging a motion for summary judgment, "the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment] . . . ." (Citation omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998). Because the plaintiff has failed to supplement his objection to the defendant's motion for summary judgment with any sufficient evidence to show the existence of a genuine issue of material fact as to whether the plaintiff only received consideration to which he was already rightfully entitled, the plaintiffs argument is without merit. As such, this court finds that the release satisfies the OWBPA in this regard.
Moreover, this court notes the defendant's uncontested assertion that the plaintiff was technically terminated for violating company policy and procedures. See Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, p. 1-2. The defendant voluntarily chose to provide the plaintiff, a long term employee, with benefits under the severance package generally available to those employees terminated for poor performance. The plaintiff has not contested CT Page 13842 this statement by the defendant. Arguably, all consideration given to the plaintiff was above and beyond what the plaintiff was technically entitled to, since the plaintiff was terminated for violating company policy and procedure. For the foregoing reasons, this court finds that the release satisfies the requirements of the OWBPA regarding consideration.
 3. Releasing Additional Claims
Lastly, the plaintiff attempts to challenge the release on the ground that it seeks to prohibit claims which may arise in the future. The OWBPA prohibits an individual from waiving rights or claims which may arise after the date the release is executed. See 29 U.S.C. § 626 (f)(1)(C). The plain language of the release before this court prohibits "any and all claims that [the plaintiff] may have as a result of any injuries, losses, damages or any other costs whatsoever, whether known or unknown, or that I may at any time after the execution of this Release have by reason of any facts or circumstances from the beginning of time to the date of this Release Agreement." Defendant's Exhibit A. The release, therefore, only attempts to prohibit future claims to the extent that they arise from facts or circumstances which were in existence prior to or by the date the release was signed. Any future claims based on facts or circumstances not currently in existence would clearly not be prohibited. This court finds that the release complies with the waiver requirements of the OWBPA.
 III. CONCLUSION
This court finds that the release entered into between the parties was a valid waiver, and in full compliance with the waiver requirements of the OWBPA. This court notes, however, that even if the release was deemed to be invalid for failure to comply with the requirements of the OWBPA, only the federal claims would be affected. Courts have held that where the employer's release failed to comply with the requirements of the OWBPA, this did not invalidate the release as applicable to state law discrimination claims since the provisions of the OWBPA only apply to claims of discrimination brought under the ADEA. SeeButcher v. Gerber Products Co., 8 F. Sup.2d 307, 317-18 (S.D.N Y 1998) (recognizing that a release which does not comply with the requirements of the OWBPA bars claims raised under the ADEA, but does not bar state law claims); Branker v. Pfizer, 981 F. Sup. 862,867 (S.D.N.Y. 1997) (failure to comply with the OWPBA cannot CT Page 13843 invalidate release of claims asserted under state discrimination law, since the provisions of the OWBPA apply only to the ADEA and not to state law claims); Williams v. General Motors Corp.,901 F. Sup. 252, 255 (E.D. Mich. 1995) ("assuming arguendo that OWBPA has been violated, the only conclusion that necessarily follows is that an employee who has suffered such a violation has not lost the right to press claims of age discrimination under ADEA"). Under this analysis, general provisions of state contract law apply and the unambiguous provisions of the release are given their plain meaning. See Sims v. Honda Motor Co., supra,225 Conn. 415. The release at issue in the present case explicitly and unambiguously prohibits the plaintiff from asserting claims pursuant to state or municipal statutes based upon facts and circumstances relating to the plaintiffs employment with Pfizer. Without more, the present action is barred on a contractual theory by virtue of the release entered into between the parties.
In light of the foregoing analysis, this court finds that the plaintiff knowingly and voluntarily signed a waiver of his rights by virtue of the Release Agreement dated March 30, 1998. As such, the plaintiff is precluded from bringing the present action. This court hereby grants the defendant's motion for summary judgment. In light of this decision, the court need not address either the defendant's alternative request for a return of consideration paid to the plaintiff or the plaintiffs request for reinstatement pursuant to § 46a-86 (b).
D. Michael Hurley, Judge Trial Referee