[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (# 120)
I. Facts:
On September 20, 1999, the defendants, Ruth E. McGee and James A. McGee, Jr., executed a promissory note in the amount of $250,000 in favor of the plaintiffs, George A. Norton and Jane G. Norton (the note). As security for the note, the defendants gave the plaintiffs a mortgage on the premises located at 1 Seacrest Road, Old Saybrook, Connecticut (the premises). On January 10, 2000, the plaintiffs filed the present action against the defendants for their failure to make payments due under the note and seek, inter alia, to foreclose the mortgage on the premises.
On May 19, 2000, the defendants filed an answer, special defenses and counterclaim.[1] The first special defense has been withdrawn. The second special defense alleges that the plaintiffs should be denied relief under the equitable doctrine of unclean hands because they induced the defendants into making the note and mortgage based on misrepresentations concerning the condition of the premises. The third special defense alleges that the plaintiffs are estopped from foreclosing the premises due to their conduct in misrepresenting the condition of the premises. The first and second counts of the counterclaim allege fraudulent and negligent misrepresentation, respectively, based on the plaintiffs' alleged failure to disclose certain defective conditions of the premises in a property disclosure statement.
On June 23, 2000, the plaintiffs filed a motion for summary judgment as to the complaint and counterclaim on the ground that there are no genuine issues of material fact that (1) the defendants are liable under the note and (2) they are not liable for the claims asserted under the counterclaim. In support of their motion, the plaintiffs submitted a memorandum of law, the affidavits of the plaintiff, George A. Norton, and their attorney, Gregory M. Harris, and a number of exhibits. On July 10, 2000, the defendants filed a memorandum of law in opposition to the CT Page 8413 motion along with the affidavit of the defendant, James A. McGee.
II. Standard:
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty,235 Conn. 185, 202, 663 A.2d 1001 (1995).
III. Discussion:
The plaintiffs argue that summary judgment should enter in their favor because there is no dispute as to any material fact that the defendants are liable under the note. In support thereof, the plaintiff, George A. Norton, filed an affidavit attesting to the following. The defendants executed the note and mortgage in favor of the plaintiffs. The defendants failed to make payments due under the note and, as a result, the plaintiffs exercised their option to declare the entire balance of the note due and payable by sending a notice of default and acceleration, dated November 24, 1999.
In their answer, the defendants admit that they executed the note and mortgage in favor of the plaintiffs. In response to the allegation in the complaint that they failed to make payments due under the note and that the plaintiffs exercised their option to declare the entire balance of the note due, however, the defendants pleaded insufficient knowledge. Nonetheless, the defendants failed to deny said allegations in their answer or in an affidavit. "[W]hen examination of the affidavit and exhibits accompanying [a] plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted." Ocwen Federal Bank v. Landock, Superior Court, judicial district of Ansonia-Milford at Milford (December 12, 1997, Curran, J.). In light of George A. Norton's affidavit and the defendants' failure to deny said allegations, the court concludes that there is no genuine issue as to any material fact that the defendants failed to make payments, had CT Page 8414 notice of the acceleration and defaulted on the note.[2]
As to the special defenses and counterclaim, the plaintiffs argue, inter alia, that the defendants may not assert said defenses and counterclaim in this action based upon a release executed by the defendants. The evidence submitted reveals that the parties were involved in a prior action involving the sale of the premises, which was settled pursuant to a settlement agreement and stipulated judgment approved by the court on August 11, 1999. A general release was incorporated into the settlement agreement. The general release provides, in pertinent part, that the defendants release the plaintiffs "from all . . . causes of action . . . arising out of or relating to the Sale and Purchase of 1 Seacrest Road, Old Saybrook, Connecticut. Specifically excluded from this Release are any claims arising out of or relating to . . . the Property Disclosure under P.A. 95-3, but further provided that no such claims shall be interposed as a defense, offset or counterclaim to any action on the Purchase Money Mortgage Note given in connection with said purchase."
"It is well settled that a release, being a contract whereby a party abandons a claim to a person against whom that claim exists, is subject to rules governing the construction of contracts. . . ." (Citation omitted; internal quotation marks omitted.) Muldoon v. HomesteadInsulation Co., 231 Conn. 469, 482, 650 A.2d 1240 (1994). "[T]he general rule of contract construction [is] that unambiguous contract provisions are to be given their plain meaning without reference to evidence outside the four corners of the agreement." Sims v. Honda Motor Co., 225 Conn. 401,415, 623 A.2d 995 (1993). "A court cannot disregard terms in a contract."Ballard v. Asset Recovery Management Co., 39 Conn. App. 805, 809,667 A.2d 1298 (1995), cert. denied, 236 Conn. 906, 670 A.2d 1306 (1996).
The release is unambiguous. It clearly provides that the defendants are precluded from asserting any defenses or claims based on any information omitted or misrepresented in the property disclosure statement in an action on the note.[3] Considering the plain terms of the release, of which the court must assume the defendants were aware, the court is disconcerted by the defendants' attempt to utilize said clearly prohibited special defenses and counterclaim. As the unambiguous terms of the release provide, the special defenses and counterclaim are barred. Therefore, there is no genuine issue as to any material fact that the defendants are liable to the plaintiffs under the note.
IV. Conclusion:
For the reasons herein stated, the plaintiffs' motion for summary judgment ought to be and is hereby granted as to the complaint with respect to liability only and ought to be and is hereby granted as to the CT Page 8415 counterclaim as well.
It is so ordered.
By the court,
Arena, J.