[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR JUDGMENT
Plaintiff brings this motion to enforce an agreement entered into by the parties and placed orally on the court record.
The defendants object to plaintiff's motion. They admit that an oral agreement was entered into by the parties, but point out that the details of that agreement was to be reduced to writing as agreed to by the parties; that the writing presented to the court by the plaintiff is not based upon the parties' oral agreement, thus the defendants have not agreed to it.
At issue is whether the oral agreement as set out in court on July 18, 2000, was sufficiently clear and unambiguous, see Bowman v. 1477 CentralApartments, Inc., 203 Conn. 246, 256 (1987); Ballard v. Asset RecoveryManagement Co., 39 Conn. App. 805, 808, for summary enforcement by the court.
The court finds the following facts:
During the course of the trial to the court, the parties on July 18, 2000 announced to the court that they had reached a settlement but that it would need to be finalized and written up. However, they orally placed CT Page 14155 the general terms of the agreement on the record of the court. This oral agreement covers the amount to be paid to the plaintiff ($128,000.00) for his ten shares of the company stock; these ten shares are to be turned over to the defendants when the $128,000.00 is fully paid to the plaintiff; the defendant company is to issue a promissory note to the plaintiff for a period of five years for the amount of $128,00.00 payable in equal monthly installments at 10 percent interest beginning September 1, 2000. A security agreement and a UCC-1 lien on all company assets will attach to the note and its payment schedule.
The company is to pay expert fees of John DeLucco and Associates for real estate appraisal and court testimony, and all of the fees of Mr. Pratesi.
The company will continue the insurance benefits until the plaintiff gets a new position or for six months after the agreement, whichever is later.
The company will operate in the normal fashion and not incur any other debts or place any other liens on the property.
The parties will work out the other usual agreements, releases and any other documents that are necessary for the parties to execute in order to implement the agreement.
This action to be withdrawn about August 15, 2000.
That the plaintiff return to the company all company records or copies obtained by him, when necessary paperwork is executed.
The parties present in the courtroom agree to the terms of the agreement; i.e., the plaintiff, Andrzej Nowakowski; and the defendant company by its president, Mievcieu Blausch, and its secretary, Krzysztof Nowakowski.
That the agreement is to be reduced to writing together with the documentation to carry out the terms of the agreement.
The plaintiff filed his motion for judgment in accordance with the settlement agreement. On October 5, 2000, the court held a hearing on this motion as well as the defendant's objection thereto.
At that hearing the court was presented with the plaintiff's written interpretation of the parties' July 18, 2000 oral agreement together with his draft of finalizing the agreement together with documents; i.e., promissory note and security documentation to finalize the agreement. CT Page 14156
At that hearing the defendants raised their objections in writing to much of plaintiff's draft of the agreement claiming in essence that terms within the draft went much beyond those set out in the July 18, 2000 oral agreement placed on record. The defendants also submitted their draft for the implementation of that agreement.
The court, in an attempt to resolve the differences raised by the defendants with plaintiff's agreement draft, permitted the parties to address each of the defendants' objections and then issued its ruling on each objection.
During the course of the arguments on the objections, the defendants also raised the issue of the court's jurisdiction to interpret and to add to or strike out portions of the plaintiff's draft agreement.
The defendants' basic premise is that the original July 18, 2000 agreement as recorded with the court is the agreement which the court is competent to interpret and enforce. That those rulings by the court denying defendants' objections, unless specifically set out in the original agreement or which could reasonably be derived from the July 18, 2000 agreement, are beyond the court's competence or jurisdiction. Thus, the defendants contend that in drafting the plaintiff 5 proposed promissory note, the plaintiff set out an 18 percent interest rate on the unpaid balance on the note if a breach occurs. Further, that the plaintiff would have rights to remove personally from the premises, or to take over and operate the business, all without notice to or consent by the defendants. Nothing in the original agreement — they contend — even remotely suggests that the defendants ever agreed to such terms nor are they set out in that agreement.
The defendants further argue that the original agreement applies only to those items and terms that are sufficiently clear and unambiguous for the court to use its power of summary enforcement. That the original agreement did not intend to include those provisions regarding high interest rates upon default and waiver of notice by defendants regarding prospective actions by the plaintiff to enforce the terms of the note. In addition, the parties contemplated that the detailed terms of the promissory note and the security documents were to be agreed to by the parties.
The court finds that the original oral agreement was set out in very broad terms requiring the preparation of a promissory note secured by a UCC-1 lien on defendant company assets. It thus requires input from the parties in developing these broad terms into specific, workable documents. CT Page 14157
The draft documents prepared by the plaintiff were highly detailed to the extent that the defendants objected to various sections and refused to accept plaintiff's draft insisting that it did not conform with the parties' July 18, 2000 oral agreement, and did not carry out the intent of the parties when that agreement was reached.
The court determines that the July 18, 2000 oral agreement as presented to the court was clear and unambiguous insofar as its broad outlines contained the scope of the parties' agreement. It included the need for the parties to further flesh out with specific terms that agreement. This required that the parties carry this out. The parties do agree to the general terms but seriously differ as to the specific terms for implementing the general agreement. Since these specific terms to carry out the original agreement impact on the parties' ability to carry out the general agreement, the parties' general agreement fails for want of the parties to agree on that implementation.
Thus, the court finds that the parties' complete agreement must include the original July 18, 2000 agreement plus a subsequent implementation through specific terms. The failure of the parties to agree on the specific terms leaves standing a general agreement without an agreed method for implementation. Therefore, the result is an incomplete, unenforceable agreement.
Therefore, the plaintiff's motion for judgment is denied.
Kremski, J.T.R.