[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Motion to Compel Enforcement of Settlement
The defendant has moved to enforce a settlement which was reached after exhaustive disclosure and judicial pretrial negotiations. On October 17, 2001, the parties appeared before the Honorable Joseph F. Dannehy at the Superior Court in Willimantic for the purpose of entering into pretrial negotiations with the aid of the court (See Practice Book § 14-13). Thereafter, the plaintiff indicated he would accept the sum of $7,000 to settle the personal injury claim. The defendant thereafter agreed to pay said sum. Justice Dannehy canvassed the plaintiff who agreed to resolve the claim for the sum of $7,000. This procedure and customary practice is designed to promote fair and reasonable pretrial compromises of litigation, to eliminate the expense of trial and to promote judicial economy. As the appellate court has recently noted ". . . as a matter of public policy, our law favors the voluntary settlement of civil disputes (internal citations omitted) City of Bristol v. Dickau Bus Co.63 Conn. App. 770, 773 (2001).
Months after the settlement was placed on the record of the court, the plaintiff now believes it was improvident for him to have accepted the offer. It is too late. "Generally a trial court has the inherent power to enforce summarily a settlement agreement as a matter of law only when the terms of the agreement are clear and unambiguous; and when the parties do not dispute the terms of the agreement" DAP Financial Management Co. v.Mor-Fam Electric, Inc., 59 Conn. App. 92, 95.
The court finds that the terms of the settlement agreement were clear and unambiguous as those terms were set out by the court on the record and there was no subsequent dispute by the parties as to the terms of the agreement. Ballard v. Asset Recovery Management Co., 39 Conn. App. 805,812, 667 A.2d 1298 (1995), cert. denied, 236 Conn. 906, 670 A.2d 1306
(1996). For the foregoing reasons, the defendant's motion is granted and judgment may enter in favor of the plaintiff as against the defendant Susan Colley for the sum of $7,000.00 without costs.
By the Court
Foley, J. CT Page 2758