MERLIN THOMSEN *v.* AQUA MASSAGE INTERNATIONAL, INC.
(AC 17369)

O'Connell, C. J., and Foti and Hennessy, Js.

Argued September 29—officially released December 8, 1998

*Michael J. Quinn,* for the appellant (plaintiff).

*F. Jerome O'Malley,* for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, Merlin Thomsen, appeals from the judgment rendered by the trial court after it granted the defendant's motion for summary enforcement of a settlement agreement purportedly reached between the plaintiff and the defendant, Aqua Massage International, Inc. The plaintiff claims that the trial court improperly (1) summarily enforced the settlement agreement, the terms of which were not clear and unambiguous, (2) concluded that a proposed draft agreement constituted an accurate recital of the terms of that agreement, (3) admitted into evidence and relied on a letter from the American Arbitration Association (association) and (4) concluded that the parties had actually reached a settlement agreement. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. The dispute between the parties arose out of a 1988 exclusive license agreement for the commercial development

by the defendant of the plaintiff's invention, a water jet massage apparatus. In 1995, the plaintiff filed a complaint against the defendant that alleged breach of contract, negligent misrepresentation, mutual mistake, lack of consideration, fraudulent inducement and trademark violations. On June 12, 1996, the parties agreed to settle their dispute by submitting it to nonbinding mediation before the association. On November 4, 1996, the mediation session proceeded over a nine hour period, concluding at approximately 6:30 p.m.[1] On the following day, the association sent a letter to the parties stating: "This letter is to confirm that the mediation held on November 4, 1996, was successful. Therefore, we are closing our file."

On November 18, 1996, David M. Cote,[2] president of the defendant corporation, sent the plaintiff a draft of the alleged agreement, which he maintained confirmed all of the terms to which the parties had agreed at the November 4 meeting. On January 16, 1997, counsel for the plaintiff rejected the proposed draft agreement for reasons "too numerous" to articulate fully in his letter. Instead, counsel for the plaintiff submitted a substitute proposal to the defendant.

Nevertheless, on February 14, 1997, the defendant filed a motion in the trial court for judgment and summary enforcement of the original draft agreement it had sent to the plaintiff. Following an evidentiary hearing, the trial court found that an oral agreement had, in fact, been reached on November 4, 1996, settling all disputes between the parties. The trial court further concluded

---

[1] The defendant alleges that at 6:30 p.m. the mediator announced that the parties had reached an accord and that the parties shook hands before departing; the plaintiff disputes this. The trial court made no finding in this regard.

[2] Cote testified that an agreement had been reached to settle all matters in dispute between the parties as a result of the mediation before the association.

that the proposed draft agreement prepared by the defendant accurately recited the material terms of that agreement. Thereafter, judgment was rendered in favor of the defendant. This appeal followed.

I

The plaintiff first challenges the trial court's legal conclusion that the alleged settlement agreement was clear and unambiguous and, therefore, summarily enforceable.

Generally, " '[a] trial court has the inherent power to enforce summarily a settlement agreement as a matter of law [only] when the terms of the agreement are clear and unambiguous'; *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 811, 626 A.2d 729 (1993); and when 'the parties do not dispute the terms of the agreement.' Id., 812." *Ballard* v. *Asset Recovery Management Co.*, 39 Conn. App. 805, 808, 667 A.2d 1298 (1995), cert. denied, 236 Conn. 906, 670 A.2d 1306 (1996). Here, because the plaintiff challenges the trial court's legal conclusion that the settlement agreement was summarily enforceable, we must determine whether that conclusion is " 'legally and logically correct and whether [it finds] support in the facts set out in the memorandum of decision . . . .' " *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 256, 524 A.2d 610 (1987).

The parties agree that this was a difficult case, involving complex issues and requiring lengthy mediation. In consideration of this fact, the trial court heard testimony from both Cote and the plaintiff concerning the issues discussed at the mediation session. In addition, the trial court viewed exhibits and resolved the conflicting testimony as to whether the parties had reached an oral settlement agreement on November 4, 1996. In its brief memorandum of decision, however, the trial court merely concluded that "[a]fter reviewing the testimony

of Cote and Thomsen and the exhibits, the court is firmly convinced that there was an agreement between the parties on November 4, 1996."[3]

An examination of the trial court's decision shows, however, that it did not make any findings of fact related to the terms of the parties' agreement, nor did it make any findings related to any dispute of those terms. Additionally, it made no findings of fact as to whether the oral settlement agreement was clear and unambiguous. Following the trial court's decision, the plaintiff did not seek an articulation, nor did he move to correct the trial court's memorandum of decision. Normally, a determination of what the parties intended to encompass in their oral agreement is a question of the intention of the parties and an inference of fact. See *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 199, 520 A.2d 208 (1987). "[W]hat the parties intended is normally a question of fact, reversible only if the trier of fact could not reasonably have arrived at the conclusion that it had reached." *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corp.*, 203 Conn. 123, 130, 523 A.2d 1266 (1987).

In this case, we cannot determine whether the trial court's conclusion is reasonably supported by the facts found because the memorandum of decision did not include the necessary findings of fact. Generally, it is the appellant's burden to furnish an adequate record on appeal. Practice Book § 61-10, formerly § 4007; *Statewide Grievance Committee* v. *Clarke*, 48 Conn. App. 545, 547, 711 A.2d 746, cert. denied, 245 Conn. 923, 717 A.2d 239 (1998). Here, the record before us is inadequate for our determination of the plaintiff's first claim that the trial court improperly enforced a settlement

---

[3] In the paragraph immediately preceding that conclusion, the trial court stated: "In his letter, counsel [for the plaintiff] does not deny that the written agreement was the same as what was agreed upon at the arbitration hearing."

agreement that was not clear and unambiguous. We therefore decline to review it.

## II

The plaintiff next claims that the trial court improperly concluded that the draft agreement sent to the plaintiff by the defendant reflected accurately the material terms of the oral agreement. The plaintiff asserts that the evidence in this case revealed that both parties had contemplated that further action was necessary to consummate contractual relations.[4]

On the issue of whether the testimony supported the finding that the draft agreement reflected accurately the oral agreement of the parties, the trial court stated: "Cote was a strong and persuasive witness who clearly stated that [the] oral and written agreements were the same. Thomsen was a confused, somewhat inarticulate witness who testified that he could not remember what was agreed to or discussed at the November 4, 1996 meeting. He said he saw the agreement drafted by the defendant, but never stated any objection to Cote or his attorney. The court finds Cote's testimony to be the more credible and, therefore, believes the written agreement does accurately reflect the oral understanding of the parties on November 4, 1996."

This issue is one of credibility. The trial court had before it the proposed draft as well as the testimony of two individuals who differed as to whether that draft accurately reflected what was agreed on during the nine hour mediation session. "The trial court, as the finder of fact, is in the best position to assess the credibility of the witnesses testifying before it." *Vezina* v. *Nautilus*

---

[4] Among the necessary actions claimed by the plaintiff is additional mediation involving issues of subleasing and collateral to support a proposed buyout of the plaintiff's interest. The plaintiff also claims that the parties intended that a written contract would consummate their negotiations.

*Pools, Inc.*, 27 Conn. App. 810, 818, 610 A.2d 1312 (1992).
We therefore leave issues of credibility to the trial court.

### III

The plaintiff next claims that the trial court improperly admitted into evidence a letter from the association. The plaintiff asserts that this letter was inadmissible because it was described in a subpoena duces tecum, which was the subject of a successful motion to quash, and because it was hearsay. We agree that the letter constituted hearsay and that its admission was both improper and harmful.

Additional facts are necessary to the resolution of this issue. On April 29, 1997, in preparation for the hearing on its motion to enforce the settlement agreement, the defendant issued a subpoena duces tecum summoning the association mediator to appear before the trial court and ordering him to bring "[a]ny and all notes, documents, records and reports pertaining to the mediation" of the parties' case. In response, counsel for the association filed a motion to quash the subpoena, asserting that the information sought by the defendant was privileged. A hearing on this motion was held on May 13, 1997.

At the hearing, the defendant argued that the information sought was necessary to establish that an accord had been reached between the parties. Nevertheless, the trial court granted the motion to quash, relying on rule 12 of the association's Commercial Mediation Rules[5] and the ruling in *National Labor Relations Board*

---

[5] *The parties do not dispute that they subjected themselves to the rules of the association when they sought mediation.* Rule 12 of the association's Commercial Mediation Rules provides in relevant part: "All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any proceeding or judicial forum. . . ."

v. *Macaluso, Inc.*, 618 F.2d 51, 56 (9th Cir. 1980), which stands for the proposition that to maintain the effectiveness of mediation and the appearance of impartiality, a mediator may not be forced to testify even as to purely factual matters. Id.

Later that same day, the trial court held a hearing on the defendant's motion to enforce the settlement agreement. During that hearing, the defendant moved to admit the November 5, 1996 letter from the association to the parties indicating that the arbitration between them had been "successful." The trial court admitted the letter over the objection of the plaintiff who took exception to its admission on "the same grounds as to everything else from [the association]," an apparent reference to the association's successful motion to quash on the ground that the information was privileged.

Initially, it must be noted that the plaintiff's failure to object to the letter's introduction on hearsay grounds does not automatically foreclose our review.[6] "Generally, where a claimed error of a nonconstitutional nature is not brought to the attention of the trial court, appellate review of that claim is available only if it constitutes plain error. . . . To prevail under the plain error doctrine, the defendant must demonstrate that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . This doctrine is not implicated and review of the claimed error is not undertaken unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Fur-

---

[6] Practice Book § 60-5, formerly § 4061, provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. *The court may in the interests of justice notice plain error not brought to the attention of the trial court.* . . ." (Emphasis added.) The plaintiff addressed the issue of plain error in his brief and requested that we review this issue under the plain error doctrine.

thermore, even if the error is so apparent and review is afforded, the defendant cannot prevail on the basis of an error that lacks constitutional dimension unless he demonstrates that it likely affected the result of the trial." (Internal quotation marks omitted.) *State* v. *Connelly*, 46 Conn. App. 486, 511, 700 A.2d 694 (1997), cert. denied, 244 Conn. 907, 908, 713 A.2d 829, cert. denied, 525 U.S. 907, 119 S. Ct. 245, 142 L. Ed. 2d 201 (1998).

In its memorandum of decision, the trial court found that an oral agreement had been reached on November 4, 1996, settling all disputes between the parties. The trial court concluded that the proposed draft agreement prepared by the defendant accurately recited the material terms of that agreement. In support of this ruling, the trial court cited not only the testimony of the plaintiff and Cote, but the November 5, 1996 letter from the association as well. It is the trial court's reliance on this letter that the plaintiff claims was improper.

" 'A statement made [out of court] that is offered to establish the truth of the matter contained in the statement is hearsay, and as such is inadmissible. *State* v. *Packard*, 184 Conn. 258, 274, 439 A.2d 983 (1981).' " *State* v. *Hoth*, 50 Conn. App. 77, 88, 718 A.2d 28, cert. denied, 247 Conn. 922, 722 A.2d 811 (1998). "Under the hearsay rule, extrajudicial statements have no affirmative value because they are made out-of-court by absent persons not subject to cross-examination." *State* v. *McDougal*, 241 Conn. 502, 512, 699 A.2d 872 (1997).

The association's letter was clearly an out-of-court statement introduced for the purpose of establishing the truth of its contents—that a settlement agreement had been reached between the parties.[7] Because this

---

[7] Even if it were argued that the letter was admissible under an exception to the hearsay rule, i.e., to establish the declarant's state of mind, the mediator's state of mind is not relevant.

letter is clearly inadmissible as hearsay, we must now determine whether its admission was harmful, that is, whether the letter likely affected the trial court's conclusion that an oral settlement had been reached on November 4, 1996. We conclude that it did.

In reaching that conclusion, we need look no further than the trial court's memorandum of decision. While the trial court made no specific findings of fact, prior to concluding that "there was an agreement between the parties on November 4, 1996," the trial court stated: "In support of its position, [the defendant] offered into evidence a letter from the American Arbitration Association dated November 5, 1996, which stated that '[t]his letter is to inform you that the mediation of November 4, 1996 was successful.'" We conclude that the trial court relied heavily on this letter in arriving at its conclusion that a settlement agreement had been reached. We determine also that the letter was not merely cumulative of other evidence that was, in and of itself, sufficient to allow that conclusion. Cf. *Bell Food Services, Inc.* v. *Sherbacow*, 217 Conn. 476, 490, 586 A.2d 1157 (1991) (inadmissible hearsay evidence merely cumulative of other properly admitted evidence and therefore unlikely to have affected trial court's judgment).

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary enforcement of the alleged settlement agreement and for further proceedings.

In this opinion the other judges concurred.