[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM
The plaintiff, Merlin Thomsen, is the inventor of a water jet massage apparatus known as the "Aqua Massage." The plaintiff alleges that the defendants, Aqua Massage International, Inc. ("AMI"), Robert Boyen and Future Shape International, made certain false and misleading representations in order to induce him to enter into an exclusive licensing agreement whereby he would receive fifty percent of the net profit of each licensed Aqua massage product sold by AMI. The plaintiff also alleges that he was wrongfully denied the royalty payments due him under this exclusive licensing agreement.
On October 20, 1995, the plaintiff filed a six count complaint alleging fraud in the inducement, negligent misrepresentation, mutual mistake, inadequate consideration, violation of General Statutes § 42-110 et seq., and trade mark misappropriation.
On February 14, 1997, the defendant filed a Motion for Judgment and Summary Enforcement, seeking to enforce an oral settlement agreement entered into by the parties which would, among other things, release AMI from all claims arising under the 1988 Exclusive License Agreement. Specifically, the defendants allege that on June 12, 1996, the parties agreed to mediate their dispute before the American Arbitration Association, and that on November 4, 1996, the parties participated in a mediation session which resulted in an oral agreement that was intended to supersede their previous licensing agreement. The defendants further allege that the plaintiff subsequently rejected the parties oral agreement without specifying any reason for its rejection. The motion was granted by the trial court, Hurley, J., but was later reversed on appeal. See Thomsen v. Aqua Massage,51 Conn. App. 201, 721 A.2d 137, cert. denied, 248 Conn. 902, ___ A.2d ___ (1999).
On March 25, 1999, the defendant filed a counterclaim alleging wrongful repudiation of the aforementioned settlement CT Page 9179 agreement.
On April 13, 1999, the plaintiff filed a motion to strike the counterclaim and a memorandum of law in support. On April 19, 1999, the defendants filed an objection to the motion to strike along with a supporting memorandum of law.
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citation omitted; internal quotation marks omitted.) Fairfield Lease Corp. v.Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985).
The plaintiff argues that the counterclaim is legally insufficient because it does not arise out of the same transaction which comprises the plaintiff's claim, and the defendant has exhausted the remedy available to it because it filed a Motion for Judgment and Summary Enforcement of the settlement agreement, which was subsequently denied on appeal.
In opposition, the defendants argue that the counterclaim arises from the same transaction as the plaintiff's claim because it asserts an accord between the parties, thereby resolving all issues arising from the plaintiff's complaint. Also, the defendant argues that the counterclaim is not estopped by the filing of its Motion for Judgment and Summary Enforcement because the motion was denied based on an evidentiary error.
The plaintiff first argues that the defendants' counterclaim does not arise out of the same transaction as the subject complaint.
"In any action for legal or equitable relief, the defendant may file counterclaims against the plaintiff provided that each counterclaim arises out of the same transaction that is the subject of the plaintiff's complaint." Carothers v. ConnecticutBuilding Wrecking Co., 19 Conn. App. 216, 220, 561 A.2d 971
(1989), citing Practice Book § 10-10. "The rule permits joinder of closely related claims arising out of the same transaction where such joinder is in the best interests of judicial economy." Id. "The transaction test is one of practicality . . . Relevant CT Page 9180 considerations in determining whether the transaction test has been met include whether the same issues of fact and law are presented by the complaint and the [counterclaim] and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts." (Citations omitted; internal quotation marks omitted.) Jackson v.Conlan, 171 Conn. 161, 166-67, 368 A.2d 3 (1976).
In the present case, the plaintiff's complaint alleges improper conduct on the part of the defendants in the execution of an exclusive licensing agreement and in its subsequent breach. In turn, the counterclaim alleges that the parties entered into a settlement agreement which was intended to supersede this exclusive licensing agreement. The counterclaim also alleges that one of the terms of the settlement agreement was for the plaintiff to "withdraw his lawsuit and release AMI from all claims arising under the 1988 Exclusive License Agreement."
Based on the foregoing facts, it appears that the rights and obligations of the parties as set forth in the exclusive licensing agreement formed the basis for the terms of the subsequent settlement agreement. Therefore, the settlement agreement necessarily flows from, and is directly related to, the original licensing agreement which is the subject of the plaintiff's complaint. Moreover, a determination that a binding settlement agreement was entered into, which provides for a release of all claims arising from the licensing agreement, effectively resolves the claims raised by the plaintiff. Hence, the counterclaim is permitted pursuant to Practice Book § 10-10.
The plaintiff next argues that the defendant has exhausted the remedy available to it because he filed a Motion for Judgment and Summary Enforcement of the claimed settlement agreement, which was subsequently denied on appeal. The plaintiff is essentially arguing that the decision of the appellate court in denying the defendant's motion for summary enforcement should preclude the defendant from pursuing its counterclaim under the legal doctrine of res judicata or collateral estoppel.
Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit. CT Page 9181Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988).
"The two doctrines protect the finality of judicial determinations, conserve the time of the court and prevent wasteful relitigation." Virgo v. Lyons, supra, 209 Conn. 501. "Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. . . . In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." (Citation omitted.) Panganibanv. Panganiban, Superior Court, judicial district of New London at New London, Docket No. 538834 (January 20, 1998, Austin, J.), citing Delaurentis v. New Haven, 220 Conn. 225, 239, 597 A.2d 807
(1991).
The prior ruling on the Motion for Judgment and Summary Enforcement was not a "final decision on the merits," which would subject the defendant to either of the aforementioned doctrines.
In the present case, the Motion for Judgment and Summary enforcement was granted by the trial court, Hurley, J., which found that the parties had reached an oral agreement settling all disputes between the parties. On appeal, however, the appellate court found that in making its determination, the trial court improperly admitted into evidence a letter which was inadmissible as hearsay. The appellate court ordered the judgment reversed and the case remanded "with direction to deny the defendant's motion for summary enforcement of the alleged settlement agreement and for further proceedings." (Emphasis added.) Thomsen v. AquaMassage International, Inc., supra, 51 Conn. App. 210.
It is well settled that "[a] final judgment is one (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Rinaldi v. Rinaldi, Superior Court, judicial district of Waterbury, Docket No. 111973 (January 6, 1999, Kenefick, J.), citing State v. Curcio, 191 Conn. 27, 31, 463 A.2d 566 (1983).
Here, the appellate court has remanded the case to the trial court for "further proceedings," and its denial of the motion was CT Page 9182 based on an evidentiary error by the trial court, rather than on the merits of the defendant's claim. Therefore, the decision does not put to rest the issues and facts raised by the defendant and, therefore, does not constitute a final decision. Consequently, the defendant is not precluded from filing his counterclaim for wrongful repudiation.
Based on the foregoing reasons, the plaintiff's motion to strike is denied.
Mihalakos, J.