DAP FINANCIAL MANAGEMENT COMPANY *v.* MOR-
FAM ELECTRIC, INC., ET AL.
(AC 18956)

Foti, Landau and Spear, Js.

Argued February 14—officially released July 25, 2000

*John S. Haverstock*, for the appellant (plaintiff).

*David S. Doyle*, for the appellees (defendants).

*Opinion*

LANDAU, J. The issue in this appeal arises from a
settlement agreement (settlement) reached by the par-

ties, through counsel, in an action on a note brought by the plaintiff, DAP Financial Management Co., against the defendants, Mor-Fam Electric, Inc., Bruce V. Morris, Bruce L. Morris and Richard W. Robinson.[1] On appeal, the plaintiff claims that the trial court improperly concluded that there was a binding agreement between the parties by finding that (1) counsel had agreed to the settlement and (2) counsel for the plaintiff had authority to settle the case. We affirm the judgment of the trial court.[2]

The following facts, as found by the trial court, are relevant to the disposition of this appeal. The plaintiff commenced this action in early 1996, and the matter was scheduled to be tried on November 26, 1997. Approximately one week before trial, counsel for the parties engaged in settlement negotiations. The defendants offered $20,000 in full and final settlement of all claims against them. Before agreeing to accept that sum, the plaintiff wanted to review certain financial information from the defendants. Robinson was unable to sign the financial affidavits because he was hospitalized. The defendants' trial counsel, however, was able to obtain financial information about Robinson from counsel who represented Robinson in other matters and forwarded it to the plaintiff's counsel.

[1] The corporate defendant was the maker of the note; the individual defendants were the guarantors. Only Robinson was in a position to settle the claim.

[2] At oral argument, the question arose whether the judgment of the court was a final judgment. We are satisfied that an appealable judgment exists. Initially, we wondered whether the verified financial data provision in the court's memorandum of decision somehow rendered the judgment nonfinal. The judgment is appealable because the provision is not a condition on the court's judgment but, rather, is a term of the original settlement agreement, which the court is enforcing. The order does not contemplate that the parties will return to court for any further proceedings. The order meets the requirements of *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983) (order or action terminates separate and distinct proceeding or so concludes rights of parties that further proceedings cannot affect them).

The defendants' counsel wrote to the plaintiff's counsel iterating the defendants' $20,000 settlement offer, subject to the plaintiff's review of the forwarded financial information. Defense counsel asked the plaintiff's counsel to telephone him "if this is not our agreement." Defense counsel suggested that because Robinson was hospitalized, it might be difficult for the defendants to make timely payment. The plaintiff's counsel responded that the plaintiff had accepted the offer and confirmed his oral representation by facsimile dated November 25, 1997. In his facsimile, the plaintiff's counsel stated that the plaintiff would agree to exchange settlement documents and moneys after the holidays.[3] The plaintiff's counsel informed the court that the matter had settled.

Before the settlement documents and moneys could be exchanged, however, Robinson died. The plaintiff's counsel then informed the defendants' counsel that as a result of Robinson's death, the settlement was no longer acceptable to the plaintiff because the homestead exemption[4] that was applicable to Robinson was not available to Robinson's estate.[5] On March 11, 1998, the defendants moved to enforce the settlement under the authority of *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 626 A.2d 729 (1993).

The court held a hearing on the defendants' motion and received posttrial briefs. The court found that the settlement "of $20,000 was not conditioned on the

[3] The court understood this to mean, given the time of year, that the exchange could take place after the Christmas and New Year holidays.

[4] The plaintiff had placed a lien on Robinson's home. The homestead exemption is an apparent reference to General Statutes §§ 52-352a and 52-352b.

[5] Counsel who represented the plaintiff during the litigation, including the settlement negotiations, did not represent the plaintiff following its rejection of the settlement.

receipt of signed financials," that the plaintiff's counsel had authority to enter into the settlement,[6] and that "the settlement agreement itself is clear and unambiguous."

"Generally, [a] trial court has the inherent power to enforce summarily a settlement agreement as a matter of law [only] when the terms of the agreement are clear and unambiguous; [id., 811]; and when the parties do not dispute the terms of the agreement. Id., 812. *Ballard* v. *Asset Recovery Management Co.*, 39 Conn. App. 805, 808, 667 A.2d 1298 (1995), cert. denied, 236 Conn. 906, 670 A.2d 1306 (1996). Here, because the plaintiff challenges the trial court's legal conclusion that the settlement agreement was summarily enforceable, we must determine whether that conclusion is legally and logically correct and whether [it finds] support in the facts set out in the memorandum of decision . . . . *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 256, 524 A.2d 610 (1987)." (Internal quotation marks omitted.) *Thomsen* v. *Aqua Massage International, Inc.*, 51 Conn. App. 201, 204, 721 A.2d 137 (1998), cert. denied, 248 Conn. 902, 732 A.2d 178 (1999).

I

Before we address the merits of the appeal, we must address the defendant's claim that the court lacked subject matter jurisdiction. See *Marine Midland Bank* v. *Ahern*, 51 Conn. App. 790, 797, 724 A.2d 537 (1999),

---

[6] The court wrote: "[Richard Hepburn, a vice president of the plaintiff,] testified that [the plaintiff's counsel] had no authority to propose or agree to the $20,000 settlement. He claimed (incredibly, in this court's view) that he had no knowledge of the $20,000 proposal, and that he never would have agreed to it. [The plaintiff's counsel], however, testified that he believed that he was authorized to enter into the settlement agreement previously outlined, and this court finds his testimony altogether credible. It was [the plaintiff's counsel] who contacted the court and asked that the case be placed on the settled but not withdrawn list. Surely, he would not have done so had he not believed that he was authorized to settle this case and that he had indeed done so, with only the exchange of documents and moneys needing to be accomplished before the case would formally be withdrawn."

appeal dismissed, 252 Conn. 151, 745 A.2d 189 (2000). We conclude that the claim does not implicate jurisdiction, but rather presents a question of whether the court abused its discretion.

The following facts are relevant to the claim of subject matter jurisdiction. The defendants' motion to enforce the agreement appeared on the April 6, 1998 short calendar and was granted by the court, *O'Keefe, J.*, although the parties intended that the motion be marked off on that day. The parties agreed that they would reargue the matter. The plaintiff, however, did not file a motion to reargue until June 1, 1998. The defendants objected to reargument, claiming that the plaintiff had to file its request within twenty days of the original judgment or file an appeal. The court, *Silbert, J.*, granted the motion to reconsider, concluding that the defendants should not benefit from a mutual mistake of all concerned and that the court has inherent authority over its judgments.

"Our courts have the inherent authority to open, correct and modify judgments, but this authority is restricted by statute and the rules of practice. *Batory* v. *Bajor*, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990)." *Connecticut National Bank* v. *Oxenhandler*, 30 Conn. App. 541, 546, 621 A.2d 300, cert. denied, 225 Conn. 924, 625 A.2d 822 (1993). For a court to open or set aside a judgment, a motion to open or a motion to set aside must be filed within four months of the date judgment is rendered. Practice Book § 17-4.[7] "Where the motion is timely, our

---

[7] Practice Book § 17-4 (a) provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."

review is limited to whether the court has acted unreasonably or in abuse of its discretion. *Pump Services Corporation* v. *Roberts*, 19 Conn. App. 213, 215, 561 A.2d 464 (1989). *Batory* v. *Bajor*, supra [8]." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Oxenhandler*, supra, 546.

Here, although the plaintiff entitled its pleading a motion to reargue rather than a motion to set aside the judgment, the parties had agreed to reargue the defendants' motion to enforce the settlement, and the plaintiff's motion was filed within four months of the court's having rendered judgment. The court, therefore, did not abuse its discretion in granting the motion to reargue.

## II

The plaintiff first challenges the court's legal conclusion that the settlement was clear and unambiguous on its face and, therefore, summarily enforceable. We are not persuaded.

The court's memorandum of decision shows that the court based its conclusion on documentary evidence and the testimony of two attorneys. The plaintiff argues that not only must the terms of the settlement be clear and unambiguous, but also that the parties must agree on the terms of the agreement. We have no quarrel with that proposition. See *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, supra, 225 Conn. 812. To support its contention that the parties dispute the terms of the settlement, the plaintiff points to the fact that the court heard several hours of conflicting testimony regarding the terms of the settlement. The argument is flawed. The plaintiff seeks to establish that there was no agreement at the time of trial. The test of disputation, however, must be applied to the parties at the time they entered into the alleged settlement. To

hold otherwise would prevent any motion to enforce a settlement from ever being granted.

What the plaintiff really seeks is to have us believe his witnesses rather than the witnesses proffered by the defendants. While we realize that the plaintiff now regrets having agreed to the settlement in light of the fact that a deeper pocket in the form of Robinson's estate would now be available for future settlement discussions or trial, for us to entertain the plaintiff's invitation would be to abandon a cardinal rule of the appellate process: An appellate court will not delve into the credibility of witnesses, as that issue is within the province of the trial court. *Peters* v. *Pearl*, 37 Conn. App. 153, 156, 655 A.2d 262, cert. denied, 233 Conn. 908, 658 A.2d 980 (1995). We are bound by the court's finding that no dispute existed between the parties at the time their counsel reached a settlement. See *Munroe* v. *Emhart Corp.*, 46 Conn. App. 37, 42, 699 A.2d 213, cert. denied, 243 Conn. 926, 701 A.2d 658 (1997). We conclude, therefore, that the court's determination is legally and logically correct, and is supported by the facts found.

III

In a second attempt to challenge the judgment, the plaintiff claims that the court improperly honored the credibility of the defendants' witnesses rather than those of the plaintiff on the issue of whether the plaintiff's counsel had the authority to settle the case. We disagree.

"This court does not retry the case or evaluate the credibility of the witnesses. *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . This court cannot substitute its own judgment for that of the [trial

court] if there is sufficient evidence to support the [trial court's judgment]. . . . *State* v. *Mejia*, [233 Conn. 215, 224, 658 A.2d 571 (1995)]." (Internal quotation marks omitted.) *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). In this case, the court made findings related to credibility, which we will not disturb.

The judgment is affirmed.

In this opinion the other judges concurred.