[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT AGREEMENT OR MOTION FOR SUMMARY JUDGMENT
This matter was referred to the undersigned by Judge Melville in December, 1999. At the first hearing on this matter, the plaintiff; Helene Knopick appeared and indicated that since her then attorney would need to testify, it was necessary for her to seek new counsel, after her request that her daughter act on her behalf was denied. A continuance was granted to the plaintiff to allow her time to retain new counsel. No new counsel has appeared for the plaintiff. This matter was continued a number of times with a final continuance to June 12, 2000 by notice dated May 3, 2000. The plaintiff has never come to court since the first hearing on this matter and was spoken to by telephone by a clerk on June 12, 2000, but she did not choose to appear after being told that the matter was going forward that morning.
Based on the evidence produced at the June 12, 2000 hearing, the court CT Page 9778 finds the following facts:
The plaintiff through her attorneys, Cummings Lockwood, brought this action in 1991 against the defendants John M. Claydon, Jr. (Claydon) and Thomas J. Ryan, III (Ryan). Prior to June of 1997 the plaintiffs claim against Claydon was settled. The remaining claim against Ryan was scheduled for a pretrial on June 4, 1997 at which time the possibility of settlement of the claim against Ryan was discussed by Attorney Peter Hull (Hull) from Cummings Lockwood for the plaintiff and Attorney Larry Church (Church) for Ryan. On June 26, 1997 Hull contacted plaintiff and briefly discussed a proposed settlement and was told by plaintiff to further explore this possibility. On July 2, 1997 Hull told the plaintiff of Ryan's offer to settle her claim for $2,000.00. Plaintiff told Hull to settle the case for $2,000.00 but see if he could get a little bit more. That same day Hull spoke to Church and Church agreed on behalf of Ryan to pay $2,500.00. Hull then informed the court and the witnesses that he had subpoenaed that the case had settled. On July 14, 1997, Church asked for the settlement to include a release of any claims by plaintiffs deceased spouse's estate. Hull called plaintiff concerning the revision and plaintiff did not object to the requested revision. A revised settlement agreement was drafted by Hull and was sent to Church on July 14, 1997. Two copies of the revised agreement executed by Ryan and a settlement check for $2,500.00 was received by Hull in the first week of September, 1997. The agreements were sent off September 3, 1997 to plaintiff for her signature and the check was deposited into Cummings Lockwood's trustee account. The plaintiff did not execute or return the written settlement agreements. Throughout these proceedings leading to an agreement of the parties Hull was of the opinion that plaintiff understood the nature of the settlement process and had given Hull the authority to act on her behalf to negotiate the settlement reached. The plaintiff has chosen to absent herself from any participation in these proceedings either personally or by an attorney, after numerous continuances to permit her to have that opportunity.
"Generally a trial court has the inherent power to enforce summarily a settlement agreement as a matter of law only when the terms of the agreement are clear and unambiguous; and when the parties do not dispute the terms of the agreement" DAP Financial Management Co. v. Mor-FamElectric, Inc., 59 Conn. App. 92, 95.
The court finds that the terms of the settlement agreement were clear and unambiguous as those terms were set out in the revised settlement agreement drafted by counsel for the plaintiff. In addition the court finds that no dispute existed between the parties at the time their counsel reached the revised settlement. CT Page 9779
For the foregoing reasons, the defendant Ryan's Motion for Summary Judgment is granted and judgment may enter in favor of the plaintiff as against the defendant Ryan for the sum of $2,500.00 without costs.
STODOLINK, J.T.R.