[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO QUASH AND FOR PROTECTIVE ORDER
The defendant has moved to quash a subpoena served by the plaintiffs counsel upon her attorney and for a protective order limiting the scope of the proposed deposition of the attorney if it is permitted to go forward.
The parties to this complex and long-standing action for dissolution of their marriage commenced trial in August, 2000. During the trial, the court created an opportunity for them to have an extensive pretrial before another judge. At the conclusion of that pretrial, which lasted most of two days, counsel reported that they had reached a settlement but indicated that they would need considerable time to draft documents, particularly since the settlement contemplated the transfer of either real property or interests in entities holding title to real property. Since then, the parties have indicated through counsel that they were seeking trial dates to complete the trial. The defendant's counsel is seeking to enforce the agreement, and has subpoenaed the defendant's attorney seeking production of her notes regarding the settlement discussion and purported agreement.[1]
The parties concede that the question of whether there was an agreement and, if so, the content of that agreement, are questions of fact, while the question of whether the attorney should be compelled to testify is a question of law. Discovery in a civil matter is governed by Section 13-2 of the Connecticut Practice Book, which in part provides:
 Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be ground for objection that the information sought will be CT Page 13047 inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
The plaintiff concedes that he is not seeking discovery of matters protected by the attorney-client privilege or the work product doctrine, which would in any case be unavailable to him. The question, therefore, is whether the information sought would be reasonably calculated to lead to the discovery of admissible evidence and, if so, whether there would be some other reason to prevent or limit the discovery.
The plaintiff argues that an agreement reached during trial to settle the litigation may be summarily enforced. In the context of a civil case, that is certainly true, since there the court can enter judgment on settlements announced in court. Audobon Parking Associates Ltd.Partnership v. Barclay and Stubbs, Inc., 225 Conn. 804, 811 (1993). Summary enforcement of settlement agreements advances two important public policy goals, the efficient use of court resources and the preservation of the integrity of the settlement process as a way of resolving legal disputes. Id., 812.
Courts hearing dissolution matters do not, however, have such unfettered latitude. When parties to a dissolution action reach a settlement agreement, that agreement cannot become a judgment of the court until the court has determined that it is fair and equitable and has been knowingly agreed upon. Costello v. Costello, 186 Conn. 773, 776
(1982); Connecticut General Statutes, Section 46b-66. In part, this conclusion arises from the statutory requirement that a court determine whether the agreement is fair an equitable under all the circumstances before entering judgment. Connecticut General Statutes, Section 46b-66. Summary enforcement of a divorce settlement involving complex issues of property distribution and the exchange of support creates a different process than the settlement of a dispute concerning damages for breach of a lease; Audobon Parking Associates Ltd. Partnership v. Barclay andStubbs, Inc., 225 Conn. 804 (1983); or an action on a promissory note.DAP Financial Management Co. v. Mor-Fam Electric, Inc., 59 Conn. App. 92
(2000). Our Supreme Court has written in dicta that an agreement to settle a divorce case may be binding even before the court has examined it pursuant to the statutory requirements of Section 46b-66. North v.North, 183 Conn. 35, 38 (1981). However, it is by no means required that such an agreement be enforced summarily. "In the final analysis, the court must still determine that the agreement is fair and equitable."Id., 38.
In addition, no settlement agreement can be summarily enforced unless the terms of the agreement are clear and unambiguous and the parties do CT Page 13048 not dispute the terms of the agreement. Thomsen v. Aqua MassageInternational, Inc., 51 Conn. App. 201, 204 (1998). The question, however, is not whether they dispute those terms at the time of a hearing on a motion for summary enforcement, but whether those terms were in dispute at the time the parties entered into the agreement. DAP FinancialManagement Co. v. Mor-Fam Electric, Inc., 59 Conn. App. 92, 97-98
(2000).
With these principles in mind, admissible evidence necessary for a determination of whether any alleged agreement between these parties can be summarily enforced is limited to evidence which would establish that there was a clear and unambiguous agreement the terms of which were not in dispute at the time any such agreement was made. If the court hearing such evidence is satisfied that an agreement was reached, that court would then conduct its own inquiry pursuant to Section 46b-66 of the General Statutes.
The parties are not free, however, to seek to elicit by way of discovery any evidence of the content of the negotiations which led up to their announcement that they had reached a settlement. "Evidence of an offer to compromise or settle a disputed claim is inadmissible on the issues of liability and the amount of the claim." Connecticut Code ofEvidence, Section 4-8. Discovery into those negotiations would not, therefore, lead to the discovery of admissible evidence. The rule prohibiting the introduction of evidence of negotiations is supported by the fundamental policy consideration that without that protection parties would not be able to honestly or openly negotiate an end to litigation.Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 198
(1992) (including exceptions to the rule).[2] That policy consideration is of particular importance in family cases, where negotiation can have the salutary effects of speeding a difficult and often painful process for the parties and any of their children, of permitting families to maintain control over their own destiny, and of enabling even disintegrating families to dissolve without the sustained wounds that protracted litigation can inflict.
Finally, the defendant argues that her attorney cannot be compelled to be deposed because she would then be disqualified from representing her, as the attorney has done for the past three years. In general, a lawyer cannot represent a client in a matter in which the lawyer is likely to be a material witness. The Rules of Professional Conduct would not, however, preclude the defendant's attorney from representing her at trial. First, there is an exception to the rule where "[d]isqualification of the lawyer would work a substantial hardship on the client." Rules of Professional Conduct, 3.7(a)(3). Under the facts of this case, the defendant would suffer a substantial hardship if her attorney were CT Page 13049 disqualified because of the plaintiffs of making her a witness. Secondly, the attorney's testimony will not be required at the trial of the case if the plaintiffs motion seeking summary enforcement is denied.
The final consideration is whether the parties can be afforded a hearing on the plaintiffs motion for summary enforcement without infecting the trial court with information about the alleged settlement. The trial court in a dissolution case, is both the finder of fact and the arbiter of law. It would be improper for the court to hear any evidence concerning settlement discussions, whether the parties reached an agreement ultimately found not to be enforceable under Section 46b-66 of the General Statutes or no agreement at all.
Accordingly, to protect the parties from any such eventuality, the court will order that the plaintiffs motion for summary enforcement of the alleged agreement be held before Judge Herbert Barall in a proceeding in which the courtroom, the exhibits, and all transcripts will be sealed. The parties, attorneys, clerks, court monitors, and sheriffs are ordered not to discuss the content of that hearing or any testimony or exhibits with any person including other court personnel who are not a part of the proceeding. The court hearing this motion is requested to announce this ruling at the commencement and conclusion of each day's proceedings. To the extent possible, the same court personnel should remain for each day of the hearing.
The motion to quash the subpoena is denied. The motion for protective order is granted. The deposition of the defendant's attorney and any deposition of the plaintiffs attorney will be limited as set forth in this decision.
By the Court,
Gruendel, J.