[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT TWIN CITY'S MOTION FOR SUMMARY JUDGMENT
 FACTS
On June 8, 1999, the plaintiff, Mark Mancini, filed a two count amended complaint against Safeco Insurance Company (Safeco) and Twin City Fire Insurance Company (Twin City), alleging that the defendants failed to compensate the plaintiff for his injuries in accordance with the terms of his respective automobile policies. The plaintiff, an employee of the City of Waterbury, alleges that on February 6, 1995, he incurred injuries when a vehicle driven by an uninsured motorist struck the vehicle in which he was a passenger. At the time of the accident, the plaintiff had uninsured coverage through his personal automobile policy, issued by Safeco, and uninsured motorist coverage through the City of Waterbury's policy, issued by Twin City. On July 28, 1999, Twin City filed an answer and five special defenses alleging, inter alia, that the plaintiff is barred from bringing this claim because he agreed to a settlement of $12,500 and released Twin City from any further liability, and also that the plaintiff's claim is subject to a $40,000 limit of uninsured coverage. On August 20, 1999, the plaintiff filed a reply denying all of Twin City's special defenses, and on September 10, 1999, the plaintiff filed an amended reply alleging that Twin City obtained a release from him through negligent or false misrepresentations.
On April 19, 2000, Twin City filed a motion for summary judgment, on the ground that the plaintiff released Twin City from further liability when he agreed to a settlement of $12,500, and on the ground that the plaintiff's uninsured motorist coverage is limited to $40,000. In support of its motion, Twin City filed, inter alia, a memorandum of law, an affidavit of Joan M. LaBanca who is a claims specialist with The Hartford (Exhibit A), a copy of the City of Waterbury's insurance policy with Twin City (Exhibit 1), a copy of a release signed by the plaintiff (Exhibit 2), remarks of Senator Baker from 26 S. Proc., Pt. 9, 1983 Sess., pp. 3054-56 (Exhibit B), and an affidavit of Douglas P. Rinaldi, the risk manager for the City of Waterbury (Exhibit D).
On June 2, 2000, Safeco filed a request to leave to file an amended answer, special defenses and cross claim. In its cross claim, Safeco CT Page 5375 alleges that the uninsured motorist insurance issued by Twin City is for one million dollars. On June 12, 2000, Safeco filed a memorandum in opposition to the summary judgment motion, arguing that the coverage limit is one million dollars and not $40,000. On June 29, 2000, the plaintiff also filed a memorandum of law, adopting Safeco's opposition to the motion for summary judgment.
 DISCUSSION
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies, 233 Conn. 732, 751, 660 A.2d 810 (1995).
Twin City argues that there are no genuine issues of material fact, and because the plaintiff has already settled with Twin City on his accident claims under the policy, Twin City is entitled to judgment as a matter of law. To support this argument, Twin City submitted a copy of a notarized release signed by the plaintiff, discharging ITT Hartford,[1] Twin City's parent company, from any claims concerning the car accident on February 6, 1995. (Twin City's Exhibit 2.) In addition, Twin City submitted a sworn affidavit of Joan M. LaBanca, a claims specialist at The Hartford, stating that the plaintiff and three other employees agreed to a settlement, whereby the plaintiff received $12,500, and in exchange, the plaintiff released ITT Hartford from all uninsured motorist claims from the car accident on February 6, 1995. (Twin City's Exhibit A.) In their opposition memoranda, neither Safeco nor the plaintiff dispute the fact that the plaintiff gave a release to ITT Hartford, and neither party submitted evidence disputing the validity or the terms of the release.
"It is well settled that a release, being a contract whereby a party abandons a claim to a person against whom that claim exists, is subject to rules governing the construction of contracts." (Internal quotation marks omitted.) Muldoon v. Homestead Insulation Co., 231 Conn. 469, 482,650 A.2d 1240 (1994). "Although ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it becomes a question of law for the court." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,667, 646 A.2d 143 (1994). "Generally, [a] trial court has the inherent CT Page 5376 power to enforce summarily a settlement agreement as a matter of law [only] when the terms of the agreement are clear and unambiguous and when the parties do not dispute the terms of the agreement." (Internal quotation marks omitted.) Dap Financial Management Co. v. Mor-famElectric, Inc., 59 Conn. App. 92, 95, 755 A.2d 925 (2000); AudubonParking Associates Ltd. Partnership v. Barclay Stubbs, Inc.225 Conn. 804, 811, 626 A.2d 729 (1993).
With respect to the plaintiff's release, both the plaintiff and Safeco have failed to allege any facts or submit any evidence disputing the validity or the terms of the release. Indeed, neither party has briefed this issue. Accordingly, there are no genuine issues of material fact. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucciv. Royal Park Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 250, 618 A.2d 506 (1992).
When a party moves "for summary judgment . . . and there [are] no contradictory affidavits, the court properly decide[s] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995). Here, the uncontroverted affidavit and evidence submitted by Twin City indicates that the plaintiff signed a release, releasing ITT Hartford, Twin City's parent company, from any uninsured motorist claims from the plaintiff's car accident on February 6, 1995. Because the terms of the agreement are not ambiguous and none of the parties dispute the terms of the release;Audubon Assoc. Ltd. Partnership v. Barclay Stubbs, supra, 225 Conn. 811; and because neither the plaintiff nor Safeco has briefed this issue Twin City's motion for summary judgment is granted.
Alternatively, Twin City argues that summary judgment should be granted because the uninsured motorist coverage is limited to $40,000, pursuant to the terms of the policy with the city of Waterbury. In disputing Twin City's argument, Safeco argues that because the city of Waterbury failed to submit any type of written request for reduced uninsured coverage and failed to sign a written consent form that explains uninsured coverage, pursuant to § 38a-336 (a)(2), the uninsured coverage remained equal to its liability coverage of one million dollars. CT Page 5377
In the event that the court's ruling granting the defendant's motion for summary judgment is deemed to be incorrect, the court adopts and incorporates by reference its rulings in Dunn v. Middlesex Mutual, judicial district of Waterbury, Docket No. 147281 and Richard Brown v.ITT Hartford Life, judicial district of Waterbury, Docket No. 158294. In those consolidated matters the court ruled that the failure of the City of Waterbury to execute a timely waiver of and informed consent to a reduction in underinsured motorist coverage results, in available underinsured motorist coverage in the amount of $1,000,000.
For the foregoing reasons, the defendant's motion for summary judgment is granted.
SO ORDERED.
ROBERT L. HOLZBERG, J.