**NEW HORIZON FINANCIAL SERVICES, LLC**

v.

**FIRST FINANCIAL EQUITIES, INC.**

No. 3:00CV 1461.

United States District Court,
D. Connecticut.

Feb. 11, 2003.

Jeffrey R. Hellman, Lawrence S. Grossman, Zeisler & Zeisler, P.C., Bridgeport, CT, for Plaintiff.

Mark A. Newcity, Fitzhugh, Parker & Alvaro, Hartford, CT, Harry W. Lipman, Steven Sloan Anderson, Mark Morvay Rottenberg, Anderson & Rottenberg, New York City, William N. Dimin, Spector & Dimin, Englewood, NJ, Timothy B. Yolen, Yolen & Perzin, New Haven, CT, for Defendant.

*RULING ON TESTIMONY BY MEDIATOR AT EVIDENTIARY HEARING ON PLAINTIFF'S MOTION FOR SUMMARY ENFORCEMENT OF SETTLEMENT AGREEMENT*

MARGOLIS, United States Magistrate Judge.

The factual and procedural history behind this action is summarized by United States District Judge Janet Bond Arterton in her Order, filed January 21, 2003. (Dkt. # 88). On January 30, 2002, plaintiff New Horizon Financial Services, LLC, and third-party defendants Larry Rezak, Michael Klemenz, and Terry Wiliams [collectively "New Horizon"] and defendants First Financial Equities, Inc. and David Sadek [collectively "First Financial"] stipulated for referral of the case to the Honorable Robert C. Zampano for mediation, which stipulation was approved by Judge Arterton. (Dkt. # 70). On February 7, 2002, the Clerk's Office issued its Local Rule 16(b) Notice to Counsel, indicating that on the previous day. "Judge Zampano reported the ... case as settled." (Dkt. # 72).

Currently pending before the Court is New Horizon's Motion for Summary Enforcement of Settlement Agreement (Dkts. ## 79–80, 85–86), as to which First Financial objects. (Dkts. ## 83–84). In her Order, Judge Arterton referred this motion to this Magistrate Judge for an evidentiary hearing, and narrowed the focus of the hearing "to ... resolve[ ] ... whether a binding agreement was, in fact, reached at the February 6 medi[ ]ation session." (Dkt. # 88, at 5). A telephonic status conference was held on January 31, 2003, at which First Financial's counsel objected to New Horizon's request to issue an order, pursuant to CONN. GEN. STAT. § 52–235d(b), so that Judge Zampano may testify at this hearing. (Dkts. ## 91–92).[1]

As with many other questions of law, what should be a simple matter to resolve unfortunately is not, for there is conflicting law within Connecticut on this issue. First Financial argues that Judge Zampano's testimony is inadmissible because it is the state of mind of the parties which is

---

1. During such conference, counsel were satisfied that no briefing is necessary on this limited question and counsel did not seek a formal record of the telephonic status conference.

relevant, not the state of mind of the mediator. First Financial's position is supported by *Thomsen v. Aqua Massage Int'l, Inc.*, 51 Conn.App. 201, 721 A.2d 137 (1998). In that case, in June 1996, the parties agreed to nonbinding mediation before the American Arbitration Association ["AAA"]; in November 1996, the mediator conducted a nine-hour mediation session, and on the next day, the AAA sent a letter to both counsel indicating that the mediation was "successful" and therefore it was closing its file. 51 Conn.App. at 203, 721 A.2d 137. The parties thereafter exchanged drafts of a settlement agreement, but no final settlement was consummated. In February 1997, defendant filed a motion for judgment and summary enforcement. *Id.* Somewhat like the situation here, in April 1997, defendant issued a subpoena duces tecum summoning the mediator to appear with all his notes relating to the mediation. *Id.* at 207, 721 A.2d 137. Plaintiff filed a motion to quash the subpoena, which was granted by the trial court pursuant to an AAA rule which provides that a mediator cannot be compelled to testify with respect to a mediation. *Id.* at 207–08, 721 A.2d 137.

At the evidentiary hearing held in May 1997, over the objection of plaintiff, the trial admitted the mediator's November 5, 1996 letter that the mediation had been "successful." *Id.* at 208, 721 A.2d 137. In his decision, the trial judge found that an oral agreement had in fact been reached, held that the proposed draft agreement submitted by defendant accurately reflected the terms upon which the parties had agreed, and entered judgment for defendant. *Id.* at 203–04, 209, 721 A.2d 137. The trial court's decision, however, did not include any detailed findings of fact, citing primarily the testimony of the two corporations' representatives and the mediator's letter. *Id.* at 204–05, 210, 721 A.2d 137.

On appeal, the Appellate Court, in a ruling issued in December 1998, agreed with plaintiff, with minimal discussion, that this letter "constituted hearsay and that its admission was both improper and harmful" (*id.* at 207, 721 A.2d 137): "We conclude that the trial court relied heavily on this letter in arriving at its conclusion that a settlement agreement had been reached. We determine also that the letter was not merely cumulative of other evidence that was, in and of itself, sufficient to allow that conclusion." *Id.* at 210, 721 A.2d 137 (citation omitted). In a footnote, the Appellate Court observed that even if the letter had been admitted under an exception to the hearsay rule, *i.e.*, to establish the declarant's state of mind, "the mediator's state of mind is not relevant." *Id.* at 210 n. 7, 721 A.2d 137. The judgment thus was reversed and the case was remanded with instructions to deny defendant's motion for summary enforcement. *Id.* at 210, 721 A.2d 137.

The *Thomsen* decision, however, makes no mention of CONN. GEN. STAT. § 52–235d(b), which was enacted on April 24, 1998 and became effective as of October 1, 1998. CONN. PUB. ACT 98–59, § 3. Section 52–235d(b) provides in full:

Except as provided in this section, by agreement of the parties or in furtherance of settlement discussions, a person not affiliated with either party to a lawsuit, an attorney for one of the parties or any other participant in a mediation shall not voluntarily disclose or, through discovery or compulsory process, be required to disclose any oral or written communication received or obtained during the course of a mediation, unless (1) each of the parties agrees in writing to such disclosure, (2) the disclosure is necessary to enforce a written agreement that came out of the mediation, (3) the disclosure is required by statute or reg-

ulation, or by any court order, after notice to all parties to the mediation, or (4) the disclosure is required as a result of circumstances in which a court finds that the interest of justice outweighs the need for confidentiality, consistent with the principles of law.

New Horizon has cited *Sharon Motor Lodge, Inc. v. Tai,* 2001 WL 1659516 (Conn.Super.Ct. Dec.3, 2001), where the parties held two mediation sessions, in April 2001 and May 2001, before former Magistrate Judge F. Owen Eagan. *Id.* at *1. Like the situation here, plaintiffs asserted that a settlement had been reached, whereas defendant contended that the parties had not agreed on a settlement. *Id.* The issue in the *Sharon Motor Lodge* decision was "whether communications and materials from a mediation should be disclosed in order to determine whether an enforceable settlement agreement was reached at the mediation." *Id.* at *2.

In juxtaposing the sound public policy arguments made by both sides, the court held:

> The court recognizes the importance of preserving the candidness of discussions that take place during a mediation and maintaining the integrity and confidentiality of the mediation process. On the other hand, it is equally important that the agreements reached during mediation are enforced, thereby upholding the policy of judicial economy, the very reason mediation is encouraged. By allowing a party to breach a settlement agreement that may have been reached during a mediation because disclosure of communications and materials is not permissible would defeat the purpose behind the mediation process.

*Id.* In construing § 52–235d "in a reasoned manner," the Superior Court judge opined that if the Connecticut Legislature "wanted to eliminate the disclosure of communications or materials received or obtained during mediation, it would not have created the exceptions embodied in § 52–235d(b)(1), (2), (3) or (4)." *Id.* at *3, 4. The court continued, "In construing § 52–235d the legislature must have considered situations that could arise in which disclosure of communications from a mediation is appropriate, otherwise, it would not have created the exceptions." *Id.* at *4. The court observed that if it adopted defendant's argument that a court should not permit disclosure of any communications made during a mediation, the four exceptions set forth in § 52–235d(b) "would be rendered moot ... [and] meaningless." *Id.*

The court found that in light of the strong public policy toward encouraging settlement, pursuant to § 52–235d(b)(4), "in the interest of justice, the need for the disclosure of relevant communications made during the mediation outweighs the parties need for confidentiality in order to determine whether a settlement agreement was reached at the mediation." *Id.* He therefore permitted plaintiffs' counsel to submit two interrogatories to Judge Eagan: (1) was it his understanding that the parties reached an agreement during the mediation; and if so, (2) what was his understanding as to the terms of the settlement agreement. *Id.* The *Sharon Motor Lodge* decision made no mention of the *Thomsen* ruling.

The *Thomsen* ruling is distinguishable from the situation here for several reasons. First, § 52–235d(b) had not been enacted when the mediation was held in 1996 and the evidentiary hearing conducted in 1997. Second, in that case, an AAA rule specifically barred the mediator from testifying, unlike § 52–235d(b), which provides four exceptions to non-disclosure. Third, because Judge Zampano will be testifying and subject to cross-examination by counsel for · First Financial, there will be no hearsay difficulties—he can testify as to what he said to the individuals present and

he can testify as to his understanding whether the parties reached an agreement and if so, what were the terms of this agreement; to the extent he is asked to testify as to what the parties or their attorneys said at the mediation, such statements are admissions under FED. R. EVID. 801(d)(2).

As in the *Sharon Motor Lodge* case, the Magistrate Judge finds that pursuant to § 52–235d(b)(4), " disclosure is required as a result of circumstances in which a court finds that the interest of justice outweighs the need for confidentiality, consistent with the principles of law" and thus New Horizon may call Judge Zampano to testify at the evidentiary hearing scheduled for March 5–6, 2003 on its Motion for Summary Enforcement of Settlement Agreement. Counsel for New Horizon shall ensure that Judge Zampano receives a copy of this Ruling prior to his testimony.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

*See* 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same**); FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS*, 892 F.2d 15, 16 (2d Cir.1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit**).